**BEE COUNTY et al., Appellants,**

**v.**

**John B. ROBERTS et al., Appellees.**

**No. 469.**

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 19, 1968.

Fischer, Wood, Burney & Nesbitt, Allen Wood, Corpus Christi, Richard Rudeloff, Beeville, for appellants.

Wade, Wade & Newton, Jon Newton, Beeville, Luther E. Jones, Jr., Corpus Christi, for appellees.

OPINION

GREEN, Chief Justice.

This suit was brought by a group of tax paying citizens of Bee County against Bee County and its county judge, four county commissioners, auditor and treasurer. All of said officials were sued solely in their official capacity. A permanent injunction was sought enjoining the county and its officials from making or causing to be made any expenditure of county funds in the form of contributions to the retirement program for Bee County for the months of October, November and December, 1968. After a trial before the court, such injunction was granted. Bee County and all of the named county officials except county judge Knight and commissioner Valenta appeal to this Court. At the time the appeal was filed, all appellants were represented by the same attorneys, being the county attorney of Bee County and privately employed counsel.

After the appeal was filed and shortly before the case was submitted on oral argument, Richard E. Rudeloff, the county attorney of Bee County, filed in this Court a motion on behalf of the county asking that this appeal be dismissed. A certified copy of an order of the Commissioners Court adopted November 8, 1968, by a three to two vote of the Commissioners Court was attached to the motion to dismiss. The purport of said order was that all orders theretofore passed by the Commissioners Court relating to the year 1968 concerning retirement of county officials and employees and the amendment of the 1968 budget to include expenditures for retirement purposes were rescinded, and the county attorney and other counsel repre-

senting Bee County in the cause were instructed to move for a dismissal of this appeal.

Commissioners Stubenthal and O'Neal who voted against the adoption of the above orders to rescind do not deny the right of Bee County to have the appeal dismissed as to appellant Bee County. Said two appellants through their employed counsel oppose the dismissal of *their* appeal, taking the position that they have a justiciable interest in the litigation and are therefore legally entitled to carry on their own appeal, and to have the issues determined on the merits. We overrule their contention, and sustain the motion to dismiss the appeal.

Whether Bee County's appeal should have been perfected, and whether there should now be a cessation of its appeal, are matters exclusively within the judicial discretion of the Commissioners Court. Ward County v. Lee Moor Contracting Company, Tex.Civ.App., 319 S.W.2d 398, n. w. h.

Since this was a suit to enjoin the county from making what was alleged to be an illegal expenditure of public funds, the county was a necessary party to the suit. Scott v. Graham, 156 Tex. 97, 292 S.W.2d 324; Hoffman v. Davis, Tex. Com.App., 128 Tex. 503, 100 S.W.2d 94, op. adopted by Sup.Ct. A county operates through its Commissioners Court, and a commissioner has no authority to bind the county by his separate action. Gano v. County of Palo Pinto, 71 Tex. 99, 8 S.W. 634; Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, syl. 3. The county alone, acting by virtue of action of the Commissioners Court and not individual commissioners, had the justiciable interest to defend against the injunction. While the individual commissioners and other county officials were proper parties, their status in the litigation was fixed at being merely nominal parties. Childress County v. Sachse, Tex.Civ.App., 310 S.W.2d 414,

418, wr. err. ref. n. r. e., 158 Tex. 371, 312 S.W.2d 380. They have no interest in the litigation apart from that of the county, and accordingly when the county, through a majority of the Commissioners Court, sees fit to abstain from further prosecution of its appeal, they have no standing to complain. 3 Tex.Jur.2d p. 468, § 195, Appeal and Error—Civil, note 3.

Since Bee County was the only appellant with any interest which has been or will be affected by the trial court's order, and since each of the county commissioners who is now an appellant was sued, and answered solely in his official capacity, and is only a nominal party with no justiciable interest to complain of the judgment of the trial court as appellant or to complain of any action of the Commissioners Court of which he is a member, the issue of whether the litigation has become moot by reason of the latest actions of the Commissioners Court need not be decided by this Court. The issue of mootness vel non is not reached because of the absence of a party appellant with justiciable interest to present the issue to us, in view of the dismissal as appellant of Bee County.

We accordingly sustain the motion of appellant Bee County to dismiss this appeal. The net effect of such dismissal will be to prevent the payment from county funds of contributions to the county retirement program for October, November and December, 1968, in accordance with the trial court's order. This dismissal is without prejudice to any future litigation which any person with appropriate justiciable interest and not a party to this suit might prosecute to test the validity of any of the orders entered by the Commissioners Court of Bee County concerning the retirement program of the county for the year 1968. We do not here pass upon the merits of any such prospective litigation, if any.

Appeal dismissed. Costs of appeal are adjudged against Bee County.