**GALVESTON COUNTY BEACH PARK BOARD, Appellant,**

v.

**Wayne W. JOHNSON, III, County Commissioner Precinct 3, Appellee.**

**No. C14–91–01077–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 6, 1992.

Rehearing Denied March 5, 1992.

Scott Lyford, Michael J. Guarino, Galveston, for appellant.

Anthony P. Griffin, Galveston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

Galveston County Beach Park Board (appellant) brings this appeal challenging the permanent injunction and declaratory judgment granted in favor of Wayne Johnson (appellee). Raising eleven points of error, appellant asserts that it should not be required to comply with the provisions of Chapter 263 in the Local Government Code. We reverse.

Wayne Johnson, a county commissioner of Galveston County, sought to enjoin Galveston County and the Galveston County Beach Park Board of Trustees from entering into certain lease and construction agreements with private corporations, not parties hereto, until there was full compliance with Chapter 263 of the Local Government Code which regulates the leasing and sale of county property. The land in question, known as the "Jack Brooks Park," was placed under the jurisdiction of Galveston County Beach Park Board of Trustees (Board) by a resolution approved by the county commissioners court in November, 1990. This dispute arose when the Board entered into agreements with private corporations to build and operate a new public golf course on some of Jack Brooks Park. The project was to be financed by selling certificates of participation to investors.

Johnson (appellee) filed suit, claiming that such an agreement would result in an illegal transfer of land because it violated section 263.001 of the Local Government Code which allows leasing of county land only by public auction following certain notice and advertising requirements. Tex.Local Gov't Code Ann. § 263.001 (Vernon 1988). The trial court, referring to the Board as a county department, entered a permanent injunction preventing Galveston County and Galveston County Beach Park Board of Trustees from leasing any part of the land without first complying with the auction, notice and advertising provisions of section 263.001.

In points of error 1 through 4, 6 and 9 appellant argues that it is not a department of Galveston County and thus not subject to the provisions of chapter 263; rather it is regulated by Chapter 62 of the Natural Resources Code. In a recent decision by this court, we decided that the Galveston County Beach Park Board is a separate entity and not a department of Galveston County. *Galveston County v. Lohec,* 814 S.W.2d 751 (Tex.App.—Houston [14th Dist.] 1991, writ requested). However, appellee argues that whether the Beach Park Board is a political subdivision of the State of Texas is not the controlling issue in the present case; rather the controlling issue in this case is "the character of the land." Appellee asserts that "Jack Brooks Park" is still owned by the county and therefore its lease is subject to section 263.001, which provides:

> The commissioners court of a county, by an order entered in its minutes, may appoint a commissioner to sell or lease real property owned by the county. The sale or lease must be made at a public auction held in accordance with this section unless this chapter provides otherwise.

Tex.Local Gov't Code Ann. § 263.001(a) (Vernon 1988). According to appellee, the fact that the Board has authority to manage the park does not change the char-

acter of the land, meaning the park is still county land. Therefore, appellee reasons, since Galveston County cannot lease the property in the manner sought, neither can the Board.

Despite the reasoning of appellee, the language in section 263.001 is clear and unambiguous. The notice and public auction requirements for leasing and selling county property apply only to the commissioners court and not to the Board because the latter is a separate entity. *Lohec*, 814 S.W.2d at 753. Moreover, appellee's argument ignores the Board's statutory authority to manage land that has been placed under its jurisdiction and control. It is apparent that the county land in the present case was properly placed under the Board's jurisdiction because the Code authorizes the commissioners court to designate parks and facilities owned by the county to be under the management and control of the Board. TEX.NAT.RES.CODE ANN. § 62.091(b)(1) (Vernon 1978).

Therefore, even though the land may still be owned by the county, the Board still has authorization for management and control. Subsequent sections of the Code make plain the authority of the Board to: (1) manage, operate, maintain, equip, and finance all existing public parks placed under its jurisdiction by the commissioners court (§ 62.093); (2) enter into a contract, lease, or other agreement connected with, incident to, or affecting the financing, construction, equipping, maintenance, or operation of facilities located or to be located on or pertaining to land under its jurisdiction (§ 62.096); (3) enter into any contract, lease, or agreement with any person for a period of not more than 40 years relating to the management, operation, and maintenance of a concession, facility, improvement, leasehold, land, or other property over which the board has jurisdiction and control (§ 62.097).

■ Even if Chapter 263 of the Local Government Code should apply to the Board, the special provisions of the Natural Resources Code would control because general provisions must yield to specific provisions. *City of Houston v. Arney*, 680 S.W.2d 867, 875 (Tex.App.—Houston [1st Dist.] 1984, no writ). The Board does not have to comply with the public auction and notice requirements of the Local Government Code because such is not required by the Resource Code. Therefore, the contracts the Board was entering into concerning the public golf course were proper under Chapter 62 of the Natural Resources Code and the permanent injunction preventing such a transaction should be dissolved.

In points of error 5, 7 and 8 appellant argues that the trial court erred in finding that the county's credit was at stake, that the golf course was a county project and in including the county in the permanent injunction. Since we have already found that the permanent injunction was erroneously granted, a discussion of these issues is unnecessary.

■ On the other hand, we feel it is important for this court to address the standing issue raised by appellant in its tenth point of error. The Board, by special exception and motion for judgment, contended Johnson had no standing to bring this lawsuit in his official capacity as a county commissioner or as a taxpayer because he had no justiciable interest. In the *Lohec* decision, we held that Johnson, as county commissioner, had no justiciable interest in litigation apart from the county and that he had no standing to bring a separate action in his official capacity. *Galveston County v. Lohec*, 814 S.W.2d 751 (Tex.App.—Houston [14th Dist.] 1991, writ requested). We also stated that as for him, as an individual, to have standing to bring a lawsuit as a taxpayer, he must establish an interest peculiar to him individually and not as a member of the general public. *Id.* at 755. In his capacity as a taxpayer in this suit, Johnson failed to prove such an interest. We adhere to our previous decision and hold that the trial court abused its discretion in finding that Johnson did have standing to bring this suit.

■ In its eleventh point of error, the Board contends the trial court erred in failing to award to it reasonable attorney's fees, which the testimony showed to be

$12,400.00. The Board contends we should "reverse the denial of attorney's fees and render judgment awarding such fees to the Board in the amount shown by the uncontroverted evidence." Again, we abide by our decision in *Lohec.* While the amount of attorney's fees is not in dispute, it remains within the trial court's discretion to award costs and attorney's fees as are equitable and just.

We reverse that portion of the judgment granting the injunction and order it dissolved. We reverse and remand to the trial court the question of whether costs and attorney's fees incurred by the prevailing party should be assessed against Johnson.