Wayne JOHNSON, III, Petitioner,

*v.*

GALVESTON COUNTY BEACH PARK BOARD, et al., Respondents.

No. D–2297.

Supreme Court of Texas.

March 3, 1993.

Rehearing Overruled March 31, 1993.

---

Anthony P. Griffin, Galveston, for petitioner.

Scott Lyford, Galveston, for respondents.

PER CURIAM.

### DENIAL OF APPLICATION FOR WRIT OF ERROR

Petitioner Johnson sued the Galveston County Beach Park Board (the "Board") seeking to enjoin the Board from entering into certain lease and construction agreements in connection with the construction and operation of a new public golf course on county land until there was full compliance with Chapter 263 of the Local Government Code. Johnson claimed that the proposed agreements violated section 263.001 of the Local Government Code, which permits leasing of county lands only by public auction following certain notice and advertising requirements. TEX.LOC.GOV'T CODE ANN. § 263.001 (Vernon 1988). The trial court granted a permanent injunction prohibiting the County from leasing any part of the land without first complying with section 263.001. The court of appeals reversed, 822 S.W.2d 828, holding that: (1) Johnson had no standing to bring this lawsuit as county commissioner because he had no justiciable interest apart from the county; (2) Johnson had no standing to sue as a taxpayer because he had no interest peculiar to him individually and not as a member of the general public; and (3) the notice and public auction requirements of section 263.001 do not apply because the Board is an entity separate from the county.

The court of appeals' holding that the Board is a separate entity from the county directly conflicts with our recent opinion in *Lohec v. Galveston County Commissioner's Court*, 841 S.W.2d 361 (Tex.1992). In denying petitioner's application for writ of error, we disapprove of the court of appeals' analysis of the application of the Local Government Code and Natural Resources Code to the facts of this case.

The application for writ of error is denied.

DOGGETT and GAMMAGE, JJ. note their dissent from the denial of application for writ of error in this cause.