Cynthia AGAN, County Treasurer of Titus County, Texas, Appellant,

v.

**COMMISSIONERS COURT OF TITUS COUNTY, Texas and Carl Johnson, County Auditor, Appellees.**

No. 06–95–00092–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 9, 1996.

Decided May 1, 1996.

Rehearing Overruled May 29, 1996.

Gary Shaver, Harbour, Kenley, Boyland, Smith, Longview, for appellant.

Robert W. Weber, Atchley, Russell, Waldrop, Hlavinka, Texarkana, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Cynthia Agan, County Treasurer of Titus County, appeals from a summary judgment rendered in favor of the Titus County Commissioners Court. The commissioners court

had removed duties involving computation of county payroll from the office of the county treasurer and assigned those duties, along with the employee performing those duties, to the county auditor's office. Agan filed a suit for declaratory judgment challenging this reassignment. The trial court upheld this action and granted the commissioners' motion for summary judgment.

Agan contends that the trial court erred by granting the appellees' motion for summary judgment and by denying her own motion for summary judgment. In a cross-point of error, the commissioners court contends that the trial court abused its discretion by denying their claim against Agan for attorney's fees.

Cynthia Agan has been the Titus County Treasurer since November of 1978. In November of 1978, the county payroll was prepared, verified, and distributed by the county clerk's office. The county treasurer during that era only signed the checks. The county clerk's office continued to perform these duties until the early 1980s when the county treasurer and the county auditor began to jointly perform them.

In 1987, Titus County hired an assistant county treasurer whose primary duty was preparing the county payroll. Preparing the county payroll was then an exclusive function of the office of the county treasurer.

In March of 1994, the commissioners court voted to combine the job of payroll clerk and accounts payable clerk and assign this employee to the county auditor's office. Preparing the county payroll then became a duty of the county auditor's office. The county treasurer retains the duties of verifying, signing, and disbursing the county payroll checks.

Agan brought this action asking the court (1) to declare that the commissioners' action removing the payroll functions from her office was illegal and (2) to order the payroll function transferred back to her office. The trial court granted the commissioners' motion for summary judgment, finding no legal prohibition against placing the payroll duties in the auditor's office.

Agan first contends that the trial court erred in granting summary judgment for the appellee. Summary judgment is proper when no genuine issue exists on any material fact and the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). The Texas Supreme Court has determined that (i) the movant for summary judgment has the burden of showing the trial court that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, (ii) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, and (iii) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

An order denying summary judgment is generally not appealable. *McLemore v. Pacific Southwest Bank, FSB*, 872 S.W.2d 286, 289 (Tex.App.—Texarkana 1994, writ dism'd by agr.), *citing Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980). An exception to this rule exists when both parties file motions for summary judgment and the court grants one and overrules the other. *McLemore*, 872 S.W.2d at 289, *citing Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400 (1958). When, as in this case, both parties have moved for summary judgment, we review all of the summary judgment evidence supporting both motions before deciding whether either of the motions should have been granted. *Villarreal v. Laredo Nat'l Bank*, 677 S.W.2d 600, 605 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).

Each party must clearly prove its right to judgment as a matter of law, and neither party may prevail simply because the other party failed to make such proof. *Board of Adjustment of Dallas v. Patel*, 887 S.W.2d 90 (Tex.App.—Texarkana 1994, writ denied); *James v. Hitchcock Independent School Dist.*, 742 S.W.2d 701 (Tex.App.—Houston [1st Dist.] 1987, writ denied). The proper disposition on appeal is for the appellate court to render judgment for the party whose motion should have been granted. *McLemore*, 872 S.W.2d at 289.

In this case, the facts are uncontroverted. The sole issue to be decided is whether the trial court correctly interpreted the law governing the commissioners court and its power to revise the duties of the county treasurer. The district court has supervisory power over a commissioners court that may be invoked only when the commissioners have acted beyond their jurisdiction or clearly abused the discretion conferred on the court by law. *Ector County v. Stringer,* 843 S.W.2d 477, 479 (Tex.1992). When an official exercises discretion in such a manner as to conflict with the Texas Constitution, there is an abuse of discretion. *Id.*

The Titus County Commissioners Court voted to "combine duties of County payroll, the insurance program, and the personnel responsibilities with the duties of [the county auditor] monitoring and receiving purchase orders and their payment." Thus, the county auditor became responsible for preparing the payroll, administering the county employees' insurance program, and calculating and preparing reports for Social Security deductions from employees' pay. The county treasurer's only remaining responsibility in regard to payroll is now to approve, sign, and distribute the checks.

The position of county treasurer is created by Article 16, section 44(a) of the Texas Constitution.

Except as otherwise provided by this section, the Legislature shall prescribe the duties and provide for the election by the qualified voters of each county in this State, of a County Treasurer and a County Surveyor, who shall have an office at the county seat, and hold their office for four years, and until their successors are qualified; and shall have such compensation as may be provided by law.[1]

The commissioners court argues that it is a body that is at least quasi-legislative in nature, thus the constitutional provision directing "the Legislature to prescribe the duties of" the office permits the Court to prescribe the duties of the treasurer. Coun-

ties are subdivisions of the state. They are under the continuous control and domination, within constitutional bounds, of the Legislature. *See Orndorff v. State ex rel. McGill,* 108 S.W.2d 206, 210 (Tex.Civ.App.—El Paso 1937, writ ref'd). Counties are subject to the legislative will. *Limestone County v. Robbins,* 120 Tex. 341, 38 S.W.2d 580, 584 (1931).

The phrase *the Legislature* in the Texas Constitution means just that and no more. The mere fact that a body acts in some situations in a legislative role does not make that body "the Legislature."[2] There is no authority for considering any quasi-legislative body as being "the Legislature," and we shall not strain the plain reading of the Constitution in order to reach that conclusion.

Duties of the county treasurer are prescribed by the Texas Legislature in the Local Government Code, Chapter 113. In general, this chapter provides that the county treasurer is the chief custodian of county funds, keeps an account of debts due to and owed by the county, and receives all money belonging to the county. The chapter sets out specific classes of accounts in which the receipts are to be maintained and provides specific direction about the procedures to be followed in so doing. Tex.Loc.Gov't Code Ann. § 113.041(a) (Vernon 1988) specifically provides that "[t]he county treasurer shall disburse the money belonging to the county and shall pay and apply the money as required by law and as the commissioners court may require or direct, not inconsistent with law." Other sections provide that the county treasurer is to keep records registering each claim against the county and providing the procedure to be followed in paying those claims. The county auditor is to countersign checks or warrants to validate them as proper items of expenditure (except for jury checks), and the auditor's approval of claims and bills for payment is a prerequisite to their payment. Tex.Loc.Gov't Code Ann. § 113.064(a) (Vernon 1988); see also 35 David B. Brooks, County and Special District Law § 16 (Texas Practice 1989).

---

1. In subsequent subsections, the office of county treasurer has been abolished by constitutional amendment in some counties and its duties placed with some other individual or office.

2. *See Vondy v. Commissioners Court of Uvalde Co.,* 620 S.W.2d 104 (Tex.1981).

Sections 112.001–.054 of the Local Government Code provide generally that the county auditor's function is to keep complete sets of records for the county's transactions, maintain accounts for the officials as required by law, and adopt and enforce regulations for collection of revenue due to the county. TEX. LOC.GOV'T CODE ANN. §§ 112.001–.054 (Vernon 1988 & Supp.1996); *see* 35 DAVID B. BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 19 (Texas Practice 1989).

 The first question in this case is whether any legislative enactment assigns the duty of preparing a county payroll to the county treasurer. The further question is whether those duties are implicitly placed by the Constitution or enabling statutory authority with the county treasurer, and thus cannot be shifted by the commissioners court to some other official. In reviewing this question, we are mindful that a commissioners court cannot attempt to restrict or abolish a constitutionally established office by refusing to allow or by preventing the elected official from performing those duties required of him. *Vondy v. Commissioners Court of Uvalde Co.,* 714 S.W.2d 417, 422 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.). This is consistent with long-standing law to the effect that no entity may affect or modify the function of a constitutionally created office, save only by constitutional amendment. *Carpenter v. Sheppard,* 135 Tex. 413, 145 S.W.2d 562 (1940), *cert. denied,* 312 U.S. 697, 61 S.Ct. 734, 85 L.Ed. 1132 (1941); *Kaufman County Levee Improvement Dist. v. National Life Ins. Co.,* 171 S.W.2d 188 (Tex.Civ.App.—Dallas 1943, writ ref'd); *see Ex parte Hughes,* 133 Tex. 505, 129 S.W.2d 270 (1939). Nor may a commissioners court interfere with the constitutional and statutory functions of a constitutionally created office. *Hooten v. Enriquez,* 863 S.W.2d 522, 531 (Tex.App.—El Paso 1993, no writ).

 The only authority in this area is a series of Attorney General's opinions. A statutory interpretation by the Attorney General is often given considerable weight by reviewing courts, but need not be adopted if contrary to the intention of the Legislature. *Eddins–Walcher Butane Co. v. Calvert,* 156 Tex. 587, 298 S.W.2d 93, 96 (1957); *Lyon v. State,* 766 S.W.2d 879, 884 (Tex.App.—Austin 1989, pet. ref'd). Such opinions are persuasive and entitled to careful consideration by this court, but are not controlling. *Jessen Associates v. Bullock,* 531 S.W.2d 593, 598 n. 6 (Tex.1975); *Garcia v. Laughlin,* 155 Tex. 261, 285 S.W.2d 191, 195 (1955).

In its opinions, the Attorney General has uniformly concluded that the county payroll duties are, by legislative fiat, placed in the hands of the county treasurer, and that they may not be moved to the county auditor's office.

 Appellee argues that these opinions are erroneously decided and suggests that if this Court adopts that reasoning, it will wreak havoc on the forty-four Texas counties that have already consolidated their payroll operations. We cannot confuse what is usual practice with what is mandated by the Constitution and the laws of the State of Texas. Violations do not authorize the ignoring of the law, nor do they nullify or suspend the enforcement of the law. Even if the facts showed that all of the counties in Texas were unanimously acting in a single improper manner, it cannot be considered by this Court in reaching its decision. If the meaning of a constitutional provision is plain, the courts must give it full effect, without regard to the consequences. *Cramer v. Sheppard,* 140 Tex. 271, 167 S.W.2d 147 (1942); *Wentworth v. Meyer,* 837 S.W.2d 148 (Tex.App.—San Antonio 1992) (orig. proceeding). The Constitution and statutes must be applied and enforced until changed through the appropriate procedure.

The Attorney General's opinions reason that county payroll must be prepared by the county treasurer because payroll functions and the subsequent disbursement of funds are so intimately linked together that the payroll function could not be divorced from preparation of the checks. Applying Constitutional theories, the opinions recognize that the "core functions" of a constitutional office may not be taken away or shared save by constitutional amendment. Op.Tex.Att'y Gen. No. JM–911 (1988); *see Ex parte Hughes,* 133 Tex. 505, 129 S.W.2d 270

(1939).[3] The Attorney General further reasoned that, since the core of the constitutional office sets up the treasurer as chief custodian of county funds and gives the office broad powers concerning their disbursement, including the *sole* power to actually disburse the county's money, the "preparation of the county payroll logically falls within the penumbra of the ministerial duties created by these functions at the core of the constitutional office of county treasurer." Op.Tex. Att'y Gen. No. JM–911 at 17 (1988); Op.Tex. Att'y Gen. No. JM–986 (1988).

To buttress this conclusion, the opinion further states that the main duty of the county auditor is to audit and oversee the county's finances, and that the position is supervised by the district judges rather than the commissioners court in order to ensure the auditor's freedom from improper interference by that body. The opinion concluded that this freedom is compromised if the auditor also performs administrative work that should be subject to audit and then disburses those same county funds. *Id.* In other words, the auditor cannot prepare the payroll, issue the checks, and also be expected to do a self-audit in a proper fashion.

In Op.Tex.Att'y Gen. No. JM–986 at 6–7 (1988), the Attorney General further addressed the same issue, noting that the commissioners court could not delegate its duty to approve the payroll and issue warrants, but that it could delegate the clerical task of preparing the salary warrants, since that only involves ministerial functions. The opinion reiterates the previous reasoning that for the county auditor to perform payroll duties would be "fundamentally inconsistent with the county auditor's duty to audit

county finances" and again concluded that the only person to whom that duty could be properly delegated is the county treasurer.

The Legislature has provided that the county treasurer is the official who is to "make the deductions from, or take other similar actions with regard to, the compensation of county employees." TEX.LOC.GOV'T CODE § 155.021 (Vernon Supp.1996). This statute specifically sets out the various types of deductions that the county treasurer is required to make. This indicates that the Legislature expected the county treasurer to be the individual preparing the payroll.[4]

In the present case, the commissioners court has relieved the county treasurer of the job of receiving time sheets from the elected officials, keypunching the information into a computer and printing the payroll checks, and of the employee who performed those duties. After preparation by the county auditor, the checks are sent to the treasurer, who retains the duties of verifying the propriety of the warrants, endorsing the checks, and disbursing the money. The Code directly provides that the treasurer is to disburse moneys as required by law and as directed by the commissioners court, and that specific duty has not been abridged.

Inherent in the statutory duties of the treasurer to disburse the money of the county and to pay and apply the money as required by law is overseeing the proper computation of the county payroll and the various deductions.

■ To reduce the responsibilities of a constitutionally created office to the mere duty of signing a check reduces the job of

---

3. The earlier opinion, Op.Tex.Att'y Gen. No. JM–911 (1988), addresses this issue as to counties with a population of over 190,000. As there are specific statutory distinctions in some respects between the large population and small population counties, that opinion's impact on Titus county might be questionable. However, the subsequent opinion, Op.Tex.Att'y Gen. No. JM–986 (1988), expressly adopts that reasoning and applies the same rationale to this issue in the context of counties with a smaller population.

4. There is a statute defining county payroll officer as the county auditor or other appropriate county officer who issues paychecks to county

personnel. TEX.LOC.GOV'T CODE ANN. § 152.051 (Vernon Supp.1996). This definition, however, is limited to that subchapter which is devoted to the purpose of letting county officers decline to take their salaries. While this seems contradictory to the other legislation, its limited purpose does not make it applicable to the present case. There is also a statute providing that the payroll duties of the county may be shared or taken away in counties with a population exceeding 190,000. TEX.LOC.GOV'T CODE ANN. § 113.047 (Vernon 1988). This would not be applicable to the present case because of the bracketing by population.

county treasurer to a mere ministerial function. If the commissioners court wishes to eliminate the office, it should seek to do so through Constitutional amendment, or by statute specially assigning these duties to another department, not by taking away the duties of the office and leaving a powerless shell in its place. It is the duty of the Commissioners Court to provide essential funding necessary to carry out the functions of an existing county office. *See Randall. County Commissioners Court v. Sherrod,* 854 S.W.2d 914 (Tex.App.—Amarillo 1993, no writ). The county treasurer was entitled to.a summary judgment.

By cross-point, the appellees contend that the trial court abused its discretion in denying their recovery of reasonable attorney's fees against Agan, individually, in defending Agan's declaratory judgment action. Our disposition of this case renders this point moot. Furthermore, we find no authority for rendering attorney's fees against an individual who has defended or brought an action in an official capacity. *See Galveston County v. Lohec,* 814 S.W.2d 751, 754 (Tex.App.—Houston [14th Dist.] 1991), *rev'd on other grounds,* 841 S.W.2d 361 (Tex.1992); *Driscoll v. Harris County Commissioners Court,* 688 S.W.2d 569, 583 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The Texas Civil Practices and Remedies Code states: "In any proceeding under [the Declaratory Judgment Chapter], the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). Under this section, the Court may generally award fees to either party in the declaratory judgment action. *See, e.g., First Nat'l Bank v. John E. Mitchell Co.,* 727 S.W.2d 360, 363 (Tex.App.—Amarillo 1987, writ ref'd n.r.e.). The trial court's determination on whether to award attorney's fees under this section is discretionary, however, and should not be reversed on appeal absent a showing of a clear abuse of that discretion. *Oake v. Collin County,* 692 S.W.2d 454 (Tex. 1985); *Caldwell v. Callender Lake Property Owners,* 888 S.W.2d 903, 910 (Tex.App.—Texarkana 1994, writ denied); *F.D.I.C. v. Bodin Concrete Co.,* 869 S.W.2d 372, 382 (Tex.App.—Dallas 1993, writ denied).

We cannot say that the court abused its discretion by failing to allocate attorney's fees for the commissioners against Agan. This cross-point of error is overruled.

The judgment of the trial court is reversed. We render judgment in favor of Agan, and order the duties at issue returned to the office of the county treasurer of Titus County, along with essential funding to carry out those duties.

BLEIL, Justice, dissenting.

I cannot agree with the majority that the commissioners court is prohibited from assigning the responsibility of preparing payroll to the county auditor. Therefore, I respectfully dissent.

The Texas Constitution provides that the Legislature shall prescribe the duties of the county treasurer. TEX. CONST. art. XVI, § 44. No statute specifically assigns the duty of preparing payroll to the treasurer. Many statutes address aspects of the payroll preparation process. Some of these statutes assign particular payroll preparation responsibilities to the county treasurer. *See* TEX. LOC.GOV'T CODE ANN. § 155.021 (Vernon Supp.1996); TEX.GOV'T CODE ANN. § 606.027 (Vernon 1994), § 845.403 (Vernon 1994). Other statutes assign certain payroll preparation duties to the county auditor. *See* TEX. LOC.GOV'T CODE ANN. § 152.051 (Vernon Supp.1996), § 155.002 (Vernon 1988). Still other statutes authorize the commissioners court to specify the officer who will be responsible for particular payroll preparation tasks. *See* TEX.LOC.GOV'T CODE ANN. § 155.062 (Vernon Supp.1996). I believe that this variety of statutory authority indicates an acknowledgement by the Legislature that payroll preparation may properly be performed by different officers in different counties. Evidence at trial indicated that payroll preparation is performed by the county auditor in at least forty other counties that have a county treasurer. In light of the extensive use of this practice, I believe the Legislature would have explicitly prohibited it if that were its intent.

Furthermore, as the majority notes, under the system challenged in this case, the county treasurer retains her duties of verifying, signing, and disbursing the payroll checks. Such responsibilities hardly constitute a "powerless shell," as charged by the majority (slip op. at 12). TEX.LOC.GOV'T CODE ANN. § 113.041 (Vernon 1988 & Supp.1996) provides that "[t]he county treasurer shall disburse the money belonging to the county and shall pay and apply the money as required by law and as the commissioners court may require or direct,...." Because the commissioners court in this case has preserved the treasurer's important disbursement function, I do not believe its delegation of payroll preparation duties to the auditor is unlawful.

Finally, I disagree with the majority's statement that opinions of the attorney general have uniformly concluded that the county auditor may not perform payroll duties. On the contrary, two opinions, by two different attorneys general, conclude that the county auditor may properly process payroll. Op.Tex.Att'y Gen. No. M–299 (1968); Op. Tex.Att'y Gen. No. C–218 (1964). The opinions relied on by the majority represent the view of only a single attorney general. Op. Tex.Att'y Gen. No. JM–911 (1988); Op.Tex. Att'y Gen. No. JM–986 (1988).