**Affirmed in Part and Reversed and Remanded in Part and Majority and Concurring and Dissenting Opinions filed October 30, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00348-CV

---

## DEVON ENERGY PRODUCTION COMPANY, L.P., Appellant

## V.

## KCS RESOURCES, L.L.C., Appellee

---

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2010-15225**

---

## CONCURRING AND DISSENTING OPINION

The trial court correctly concluded that it lacked subject-matter jurisdiction over both the plaintiff's claims under the Texas Declaratory Judgments Act and the defendant's counterclaim for attorney's fees under that statute for defending against the plaintiff's claims. Therefore, this court should affirm the trial court's judgment in its entirety.

***Recovery of Attorney's Fees under Texas Civil Practice and Remedies Code section 37.009***

Appellant/plaintiff Devon Energy Production Company, L.P. sued appellee/defendant KCS Resources, L.L.C. asserting claims for declaratory relief under the Texas Declaratory Judgments Act.[1] KCS counterclaimed, asserting a variety of claims, but KCS later nonsuited all of them except its claim for reasonable and necessary attorney's fees incurred as a result of Devon's declaratory-judgment claims. KCS sought to recover these fees only under Texas Civil Practice and Remedies Code section 37.009, and there is no other apparent basis on which KCS might recover these fees.[2] The trial court determined that it lacked subject-matter jurisdiction over both Devon's declaratory-judgment claims and KCS's section 37.009 claim and therefore dismissed all claims without prejudice for lack of subject-matter jurisdiction.

In determining parties' entitlement to attorney's fees, Texas courts follow the American Rule, which provides that litigants may recover attorney's fees only if a statute or contract specifically provides for such a recovery.[3] Thus, in determining whether a party may recover attorney's fees, Texas courts must interpret and apply the statute or contract under consideration, rather than crafting judge-made rules to supply the legal standard to be applied.[4] In today's case, the only possible authority under which KCS might recover attorney's fees is section 37.009.

---

[1] *See* Tex. Civ. Prac. & Rem Code Ann. § 37.001, *et seq*. (West 2014).

[2] *See id*. § 37.009 (West 2014). Unless otherwise specified all statutory references in this opinion are to the Texas Civil Practice and Remedies Code.

[3] *See Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011).

[4] *See id*. This principle does not apply to the extent that a party seeks to recover attorney's fees as damages under a particular claim. KCS does not seek to recover attorney's fees as damages.

***To recover attorney's fees under Texas Civil Practice and Remedies Code section 37.009, the claimant must do so in a proceeding under the Texas Declaratory Judgments Act, and a claim for fees is not such a proceeding.***

Section 37.009, entitled "Costs," provides in its entirety that "[i]n *any proceeding* under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."[5] We are to review the trial court's interpretation of applicable statutes de novo.[6] In interpreting a statute, our objective is to determine and give effect to the Legislature's intent.[7] If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state.[8] If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words.[9] We are not to engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose.[10]

A proceeding under the Declaratory Judgments Act is for the purpose of determining one or more requests for declaratory relief under that statute.[11] In such a proceeding the trial court has discretion to award reasonable and necessary attorney's fees as are equitable and just.[12] But, a request or claim for reasonable and necessary attorney's fees is not independent of the declaratory-judgment claims asserted in the trial court; rather, the attorney's fees awarded must relate to

---

[5] Tex. Civ. Prac. & Rem Code Ann. § 37.009 (emphasis added).

[6] *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex. 1989).

[7] See Nat'l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000).

[8] *Id.*

[9] *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997).

[10] *See id.*

[11] *See* Tex. Civ. Prac. & Rem Code Ann. § 37.001, *et seq.*

[12] *See id.* § 37.009.

those claims.[13]   Under the unambiguous language of the Declaratory Judgments Act, reasonable and necessary attorney's fees under section 37.009 must be awarded in a proceeding under that statute and a request for such fees, standing alone, is not a declaratory-judgment proceeding.[14]

***Because the trial court lacked subject-matter jurisdiction over the plaintiff's declaratory-judgment claims, the proceedings under the Declaratory Judgments Act were void, and there are no proceedings that would permit an award of attorney's fees under Texas Civil Practice and Remedies Code section 37.009.***

The trial court correctly ruled that it lacked subject-matter jurisdiction over Devon's declaratory-judgment claims; therefore, the proceedings relating to these claims are void.[15]   Because there are no such proceedings, there is no basis for awarding KCS reasonable and necessary attorney's fees under section 37.009. KCS's claim for these attorney's fees was ancillary to Devon's claims and the trial court lacked subject-matter jurisdiction over Devon's claims. Thus, the trial court did not err in dismissing all of these claims for lack of subject-matter jurisdiction.[16]

The issues raised by KCS's cross-appeal have not been addressed by a precedent from the Supreme Court of Texas or from this court, and three sister courts of appeals have reached the opposite conclusion. Without citing any authority in support of the proposition, the sister courts determined that the absence

---

[13] *See Rapid Settlements, Ltd. v. Settlement Funding, LLC*, 358 S.W.3d 777, 786–87 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

[14] *See* Tex. Civ. Prac. & Rem Code Ann. § 37.001, *et seq.*; *Tanglewood Homes Ass'n, Inc. v. Feldman*, 436 S.W.3d 48, 68–69 (Tex. App.—Houston [14th Dist.] 2014, no pet. h.); *Rapid Settlements, Ltd.*, 358 S.W.3d at 786–87.

[15] *See State v. PR Investments*, 180 S.W.3d 654, 664, n.8 (Tex. App.—Houston [14th Dist.] 2005) (en banc), *aff'd*, 251 S.W.3d 472 (Tex. 2008); *Smith v. Gulf States Utilities*, 616 S.W.2d 300, 302 (Tex. Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

[16] *See PR Investments*, 180 S.W.3d at 664, n.8; *Tanglewood Homes Ass'n, Inc.*, 436 S.W.3d at 68–69.

of subject-matter jurisdiction over claims from filing through dismissal does not affect the nature of these claims.[17] But, the lack of jurisdiction is fundamental, and its absence has a material effect on both the trial court proceeding and the analysis of the issue on appeal. The lack of subject-matter jurisdiction over Devon's declaratory-judgment claims from the moment of filing until the moment of dismissal makes the proceedings void.[18]

Various federal courts of appeals have held in an analogous situation that a trial court's lack of subject-matter jurisdiction over claims under the Employee Retirement Income Security Act ("ERISA") means that the court also lacks subject-matter jurisdiction over claims seeking attorney's fees under a statute giving trial courts discretion to award attorney's fees in an ERISA action.[19] Under this line of cases, in the absence of subject-matter jurisdiction over the ERISA claims, there is no ERISA "action" in which attorney's fees could be awarded under the statute.[20] These cases provide persuasive authority in support of the conclusion that the trial court lacked subject-matter jurisdiction over KCS's claim seeking attorney's fees under section 37.009.[21]

---

[17] *See Feldman v. KPMG LLP*, —S.W.3d—,—, No. 01-12-00934-CV, 2014 WL 1745887, at *7 (Tex. App.—Houston [1st Dist.] May 1, 2014, no pet. h.); *Zurita v. SVH-1 Partners, Ltd.*, No. 03-10-00650-CV, 2011 WL 6118573, at *8 (Tex. App.—Austin Dec. 8, 2011, pet. denied) (mem. op.); *Castro v. McNabb*, 319 S.W.3d 721, 735–36 (Tex. App.—El Paso 2009, no pet.).

[18] *See PR Investments*, 180 S.W.3d at 664, n.8; *Gulf States Utilities*, 616 S.W.2d at 302.

[19] *Cliburn v. Police Jury Ass'n of Louisiana, Inc.*, 165 F.3d 315, 316 (5th Cir. 1999) (per curiam); *W.G. v. Senatore*, 18 F.3d 60, 64–65 (2d Cir. 1994); *Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Florida,* 827 F.2d 1454, 1458 (11th Cir.1987) (per curiam).

[20] *Cliburn*, 165 F.3d at 316; *W.G.*, 18 F.3d at 64–65; *Laborers Local 938 Joint Health & Welfare Trust Fund*, 827 F.2d at 1458.

[21] *Cliburn*, 165 F.3d at 316; *W.G.*, 18 F.3d at 64–65; *Laborers Local 938 Joint Health & Welfare Trust Fund*, 827 F.2d at 1458.

KCS cites two cases from the Supreme Court of Texas, *Hallman* and *Camarena*,[22] to support its position. In the *Camarena* case, which did not involve section 37.009, the high court held that a live issue still existed between the parties as to whether the trial court erred in denying the plaintiff's request for attorney's fees even though it granted the plaintiffs the other relief they requested.[23] The *Camarena* court held that, although the issues regarding the other relief granted in the trial court's judgment later had become moot, the issue as to whether the trial court erred in denying the plaintiff's request for attorney's fees was not moot.[24] Significantly, in *Camarena*, the trial court had subject-matter jurisdiction over the claims from filing through the initial rendition of judgment, and the fee request denied by the trial court addressed attorney's fees during the period in which the trial court had subject-matter jurisdiction.[25] The *Camarena* court did not address whether the plaintiffs were seeking fees for the time period after the other issues became moot or whether the trial court had jurisdiction over such a request, and this silence does not create any precedent on this issue.[26] In any event, there is a significant difference between a case in which the trial court never has subject-matter jurisdiction over the plaintiff's claims and a case in which the trial court lost jurisdiction over the claims after rendition of judgment.

---

[22] *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005); *Camarena v. Texas Employment Comm'n,* 754 S.W.2d 149, 150–51 (Tex. 1988).

[23] *See Camarena*, 754 S.W.2d at 150–51.

[24] *See id.*

[25] *See id.*

[26] *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 37–38, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952) (concluding that in deciding its jurisdiction, a court is not bound by a prior exercise of jurisdiction in a case in which the jurisdictional issue was not questioned, but was passed over *sub silentio*); *Gantt v. Gantt,* 208 S.W.3d 27, 30, n.4. (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (same).

The *Hallman* case involved an appeal from the trial court's denial of attorney's fees requested under section 37.009 in an insurance dispute in which other issues in the case became moot while the case was pending in the Supreme Court of Texas.[27] The *Hallman* court held that the issue as to whether the insurer had a duty to defend was still a live controversy because it would determine whether a remand was necessary for the trial court to consider whether to change its denial of the fee request in light the new prevailing party on that issue.[28] Even presuming that the insured was seeking attorney's fees for the period after the issues became moot, the case is not supportive of Devon's position because the *Hallman* court did not address whether the trial court had jurisdiction over such a request, and this silence does not create any precedent on this issue.[29]

In *Galveston County Commissioners' Court v. Lohec*, this court reversed the trial court's ruling on the merits of declaratory-judgment claims, held that one plaintiff lacked standing, and remanded to the trial court to consider the defendant's request for attorney's fees under 37.009.[30] The Supreme Court of Texas disagreed with this court's disposition regarding the declaratory relief, reversed this court's judgment, and rendered judgment, so the case was never remanded.[31] In *Lohec*, no party raised the issue of whether the trial court had jurisdiction over the defendants' requests for attorney's fees against the plaintiff who lacked standing, and this court did not opine on the matter.[32] The *Lohec* court

---

[27] *See Hallman*, 159 S.W.3d at 642.

[28] *See id.*

[29] *L.A. Tucker Truck Lines, Inc.,* 344 U.S. at 37–38, 73 S.Ct. at 69; *Gantt*, 208 S.W.3d at 30.

[30] *See Galveston County Commissioners' Court v. Lohec*, 814 S.W.2d 751, 754–55 (Tex. App.—Houston [14th Dist.] 1991), *rev'd on other grounds*, 841 S.W.2d 361 (Tex. 1992).

[31] *See Lohec v. Galveston County Commissioner's Court*, 841 S.W.2d 361, 366 (Tex. 1992).

[32] *See Lohec*, 814 S.W.2d at 754–55

did not address whether the trial court had jurisdiction over such a request, and the court's passing over this issue in silence does not create any precedent. [33] Thus, the issue appears to be one of first impression in this court. Instead of following the sister courts of appeals, this court instead should look to the plain language of the statute and analogous federal authority and hold that the lack of subject-matter jurisdiction precludes an award of attorney's fees under section 37.009.

**Conclusion**

The Texas Legislature has the authority and know-how to enact a statute providing that a trial court may award reasonable and necessary attorney's fees to a defendant who succeeds in having a plaintiff's declaratory-judgment claims dismissed for lack of subject-matter jurisdiction. To date, the Texas Legislature has not done so. The trial court correctly ruled that it lacked subject-matter jurisdiction over Devon's declaratory-judgment claims; therefore, the proceedings relating to these claims are void. Because there are no such proceedings, there is no basis for awarding KCS reasonable and necessary attorney's fees under section 37.009. KCS's claim for attorney's fees was ancillary to Devon's claims, over which the trial court lacked subject-matter jurisdiction. The trial court did not err in dismissing all of these claims for lack of subject-matter jurisdiction. To the extent this court reverses this ruling, I respectfully dissent.


/s/     Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise. (Wise, J., majority).

---

[33] *L.A. Tucker Truck Lines, Inc.,* 344 U.S. at 37–38, 73 S.Ct. at 69; *Gantt*, 208 S.W.3d at 30.

8