**Walter Leroy MOODY, Jr.**

v.

**UNITED STATES BOARD OF PAROLE, and J. D. Henderson, Warden, United States Penitentiary, Atlanta, Georgia.**

**Civ. A. No. C 74–601 A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

April 1, 1974.

On Motion for Reconsideration
May 13, 1974.

Walter Leroy Moody, Jr., pro se.

SIDNEY O. SMITH, Jr., District Judge.

Walter Leroy Moody, Jr., an inmate at the federal penitentiary in Atlanta, Georgia, has filed with this court a petition for a writ of habeas corpus. Petitioner states that he is presently serving a five year sentence imposed pursuant to 18 U.S.C. § 4208(a)(2) and that he has served over one-third of his sentence. Petitioner asserts that he was incarcerated in the Atlanta facility in November, 1972. In February of 1973, petitioner says he received consideration for parole, but was denied. In denying him parole, the Board of Parole set him down for a review hearing in April of 1975, and it is this action of the Board's that gives rise to petitioner's application for a writ.

Because petitioner was sentenced pursuant to 18 U.S.C. § 4208(a)(2),[1] he

---

1. "[T]he court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine."

was eligible for parole at such time as the Board of Parole may determine. Petitioner received consideration for parole three months after being incarcerated in the Atlanta facility. If petitioner had been sentenced pursuant to 18 U.S.C. § 4208(a)(1), he would not have been eligible for parole until he reached the one-third point of his sentence. Petitioner's contention is that the Board acted illegally in giving him a set-off that exceeded the one-third point.[2]

▌▌ As this court views petitioner's argument, he is asking this court to second guess the Board of Parole. That is not the judiciary's function. It is settled in the Fifth Circuit that the "determination of eligibility for parole is wholly within the discretion of the Parole Board." Thompkins v. U. S. Board of Parole, 427 F.2d 222, 223 (5th Cir. 1970). On a previous occasion this court said:

> "By the language of Title 18 U.S.C.A. § 4203, the Board of Parole is given absolute discretion in matters of parole. The courts are without power to grant a parole or to determine judicially eligibility for parole. . . . Furthermore, it is not the function of the courts to review the discretion of the Board in the denial of application for parole or to review the credibility of reports and information received by the Board in making its determination." Tarlton v. Clark, 441 F.2d 384 (5th Cir. 1971) (citations omitted).

The Parole Board's actions are not subject to judicial review absent "flagrant, unwarranted, or unauthorized action." Scarpa v. U. S. Board of Parole, 477 F.2d 278 (5th Cir. 1973). Also see Gorham v. Richardson, 483 F.2d 71 (5th Cir. 1973).

▌ In the present case the court does not view the Board's action as flagrant, unwarranted, or unauthorized. Although the court may question the soundness of what the Board has done, the court does think the Board was empowered so to act.

▌ Petitioner does make an appealing argument and even attaches judicial authority[3] for his position. The thrust of the argument is that § 4203(a)(2) was enacted to provide flexibility in sentencing. That is, some federal prisoners can be appropriately released prior to the one-third point of their sentence. So, rather than requiring that all prisoners be subject to a rigid rule as to when they would be eligible for parole, the Congress in enacting § 4208(a)(2) gave the sentencing judge the power to make a given prisoner eligible for parole without regard to a time requirement. It is important to note, though, that the section only empowers the sentencing judge to impose the sentence.[4] It does not delegate power to the judiciary to review what the Parole Board does. The statute makes it unequivocally clear that the decision to grant or deny parole is to be made by the Parole Board.

Petitioner contends that one of the underlying reasons for enactment of § 4208(a)(2) was to allow for early release when a prisoner responded positively to the rehabilitation program. Petitioner maintains that three months is too short a period on which to judge his progress toward rehabilitation. If prison performance is to be a key factor in determining parole eligibility for an (a)(2) prisoner, then the prisoner, says petitioner, should be considered for parole at such time as to give the Parole Board a meaningful basis on which to make the decision.

---

2. According to petitioner the set-off until April, 1975 exceeds the one-third point by sixteen months. Petitioner asserts the one-third point of his sentence was December, 1973.

3. Grasso v. Norton, 371 F.Supp. 171 (D. Conn.1974). This court respectfully disagrees with the views set forth in *Grasso*.

4. The problem high-lighted by the petition is well-known to this court. Indeed, for several years, the court has not imposed an (a)(2) sentence except upon the specific request of the defendant. Legislation has been proposed, but not enacted, requiring a "second review" no later than one-third of the stated sentence.

The court thinks this argument misses the mark. The crucial issue is—who is to make the decision about granting or denying parole? It is this court's view that Congress granted the power to the Parole Board, not the judiciary. In the case at bar, the Parole Board denied parole to petitioner and gave him a set-off until April, 1975. As this court reads the applicable statutes, the Parole Board was wholly within its province in so acting. For this court to second-guess the reasons for the Board's action would be to overreach the judicial role. To follow, such a course would place the court in a thicket which it is ill-equipped to enter and from which the Congress has said stay away.

The application is denied.

Let the petition be filed in forma pauperis.

This the 2d day of April, 1974.

It is so ordered.

## ON MOTION FOR RECONSIDERATION

Walter Leroy Moody, Jr., petitions this court to reconsider its judgment of April 2, 1974. Petitioner asserts the court misunderstood his case and so reached an incorrect result. According to petitioner, the judicial task in the case is to interpret 18 U.S.C. 4208(a)(2). The correct interpretation of the statute, says petitioner, is to read it as saying the Parole Board cannot extend an (a)(2) prisoner's parole eligibility date beyond the one-third point of the maximum sentence imposed by the court.

 Petitioner makes his motion pursuant to Fed.R.Civ.P. 59(e).[1] Judgment in this case was entered on April 2, 1974, and petitioner filed his present motion on April 15, 1974. Compliance with the 10-day limitation period of Rule 59(e) is required for a consideration of the merits of a motion to alter or amend judgment. Stacy v. Williams, 50 F.R.D. 52 (N.D.Miss.1970), aff'd, 446 F.2d 1366 (5th Cir. 1971). Since petitioner did not file within the 10-day period, the court is foreclosed from considering his claim.

Fed.R.Civ.P. 60 provides another vehicle by which a party can obtain relief from a judgment. Assuming, without deciding, that petitioner could fit his motion under 60(b)(6), the court has considered petitioner's contentions and concludes he is not entitled to relief.

 The court does not think it misunderstood petitioner's contentions in issuing the earlier order. The court finds the wording of 18 U.S.C. § 4208(a)(2) clear and unequivocal.[2] Once a court pronounces a sentence under (a)(2), the judicial role ends. It then becomes the Parole Board's task to determine when the prisoner becomes eligible for parole. What petitioner Moody is urging the court to do is to attach by judicial fiat additional words to the statute. If Congress had intended (a)(2) to be read as petitioner contends, the statute would have been worded differently. The statute does *not* say the prisoner will become eligible for parole at such time as the board of parole may determine except that such time shall not exceed the one-third point of the maximum sentence imposed by the court. To read the statute as petitioner would have this court do is to distort the plain meaning of the wording of the statute. Such judicial surgery is not appropriate.

It has been the experience of the court that prisoners receiving (a)(2) sentences often find themselves in a worse situation vis-a-vis parole eligibility than they would have been if they had received an (a)(1) sentence. That is, they

1. Fed.R.Civ.P. 59(e) provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

2. Title 18 U.S.C. § 4208(a)(2) provides: "the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine."

find themselves confronted with the same situation as petitioner. As a consequence, this court, as noted in the earlier order, does not give an (a)(2) sentence unless the prisoner specifically requests one. Sympathy with an (a)(2) prisoner's plight does not, however, alter the plain wording of the statute.

A final point deserves mention. Petitioner asserts that Scarpa v. U. S. Board of Parole, 477 F.2d 278 (5th Cir. 1973), was reversed by the Supreme Court. Rather than reversing *Scarpa* on the merits, the Supreme Court vacated and remanded the case for consideration of the question of mootness. Scarpa v. United States Board of Parole, 414 U.S. 809, 94 S.Ct. 79, 38 L.Ed.2d 44 (1973). Thus, the principles set forth in *Scarpa* are still good law.

The motion for reconsideration is denied.

It is so ordered.

This the 13th day of May, 1974.