Adrian FASE, Individually and on behalf
of all others similarly
situated, Plaintiffs,

v.

SEAFARERS WELFARE AND PENSION
PLAN, Joseph DiGiorgio, Individually
and in his capacity as the Secretary-
Treasurer of the Seafarers Welfare and
Pension Plan, Price C. Spivey, Individu-
ally and in his capacity as the Adminis-
trator of the Seafarers Welfare and
Pension Plan, and Fred Farnen, Lindsey
Williams, Joseph DiGiorgio, Frank Dro-
zak, E. Abusson, Capt. Joseph Cecire,
James Hayes, C. J. Bracco, William Crip-
pen, Irving M. Saunders, in their capaci-
ty as Trustees of the Seafarers Pension
Plan, Defendants.

No. 75 Civ. 1342.

United States District Court,
E. D. New York.

June 29, 1978.

See also, D.C., 432 F.Supp. 1037.

David S. Preminger, Legal Svs. for Elderly Poor, New York City, for plaintiffs.

Carolyn Gentile, Brooklyn, N. Y., for defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Subsequent to the decision dated June 14, 1977, 432 F.Supp. 1037, of this Court and the judgment entered thereon by the Clerk on June 15, 1977, plaintiff by notice of motion dated July 14, 1977, returnable July 29, 1977, moved for an order awarding attorney's fees "pursuant to the ancillary equitable power of this Court under the common benefit theory, and/or § 502(g) of the Employee Retirement Income Security Act of 1974 ("E.R.I.S.A."), 29 U.S.C. § 1132(g) (1976)".[1]

In its decision dated June 14, 1977, this Court granted plaintiff's cross motion for summary judgment awarding him pension benefits from August 1, 1972 to February 1, 1975 on the ground that the defendants pension plan arbitrarily and capriciously denied the plaintiff benefits to which he was entitled for the disputed period.

Prior thereto, in the late Fall of 1975, plaintiff moved for class action certification in this action which application was denied by the late Judge Orrin G. Judd in an opinion dated April 23, 1976, on the ground that the action did not fulfill the numerosity, commonality, typicality and adequate representation requirements of the statute.

For this or perhaps some other reason, on the motion and cross-motion for summary judgment, plaintiff did not specifically raise,[2] and argument was not had on, the question of plaintiff's attorney's fees and plaintiff raised no question with respect thereto after the entry of an order by the Clerk on this Court's decision dated June 14, 1977, which made no reference thereto.

Plaintiff was fully aware of the entry of such judgment by the Clerk on June 15, 1977, because some time prior to the 30-day limit for filing notice of appeal under Rule 4(a) of the Federal Rules of Appellate Procedure he mailed to the defendants a demand for costs which because of the New York City blackout was apparently not received by the defendants until July 18, 1977.

Defendants' time to appeal having expired, they promptly moved pursuant to Rule 4(a) for an extension of time and, over the opposition of the plaintiff on the ground that the judgment so entered was final and no excusable neglect had been shown, this Court granted defendants' motion in a memorandum and order dated September 12, 1977.

Plaintiff persisted and prevailed in his argument on appeal that defendants' appeal was time-barred in that it was an untimely appeal from a final judgment of this Court and there was no showing of such excusable neglect as would permit this Court to extend the defendants' time to appeal. *Fase v. Seafarers Welfare and Pension Plan*, 574 F.2d 72, 24 F.R.Serv.2d 1436 (2d Cir. 1978).

Against this background plaintiff now comes to this Court and seeks his attorney's fees.

In making such a claim, plaintiff primarily argues that he is entitled to attorney's fees "pursuant to the ancillary equitable power of this Court under the *common benefit theory*", claiming that his successful litigation has conferred a substantial bene-

---

1. The return date was adjourned pending the outcome of an appeal from this Court's decision taken by the defendants. By an amended notice of motion dated March 2, 1978, returnable March 17, 1978, plaintiff moved on the same grounds pursuant to FRCP 7(b) for an order awarding attorney's fees in the sum of $28,776.25.

2. In his cross motion for summary judgment plaintiff in his request for relief asked this Court to establish "a date for argument on plaintiff's motion for attorney's fees" but, as indicated, made no such motion until more than a month after the Court's decision.

fit on members of an ascertainable class. *Mills v. Electric Autolite Co.,* 396 U.S. 375, 389–97, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973).

This Court, however, is not persuaded that its decision in this case bestows or will bestow a common benefit upon an ascertainable, identifiable class. In denying plaintiff's application for class action certification, Judge Judd specifically held while there were common questions of law and fact here, they were "somewhat overshadowed by the individual questions of fact relating to this plaintiff" and that "[p]laintiff's class action claim fails by a large margin to meet the requirements of Rule 23(a)(3) that it be 'typical of the claims or defenses of the class'".

While there were apparently 24 other pensioners who experienced some delay in receiving disability pensions, Judge Judd found that there were only two (2) who experienced a protracted delay such as plaintiff experienced and there had been nothing produced before this Court to show whether the only common element between those two pensioners and the plaintiff was the length of the delay, or what, if any, effect the instant case would have upon their rights. The Court therefore does not feel plaintiff has bestowed a substantial[3] common benefit on the class of all the pensioners.

Under these circumstances, the comments made by the Circuit Court and quoted by the United States Supreme Court in *Alyeska Pipeline Service Company v. Wilderness Society, et al.,* 421 U.S. 240, 245, fn. 14, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975), appear particularly appropriate, viz:

"[T]his litigation may well have provided substantial benefits to particular individuals and, indeed, to every citizen's interest in the proper functioning of our system of government. But imposing at-

torneys' fees on Alyeska will not operate to spread the costs of litigation proportionately among these beneficiaries . . . .."

Similarly, the District Court in *Writers Guild of America, West, Inc. v. FCC, et al.,* 423 F.Supp. 1064, 1161 (C.D.Cal.1976), in denying a successful plaintiff's application for attorneys fees, held:

"There is no way to formulate an award that will operate to spread the cost proportionately among the beneficiaries. Thus this case is unlike *Mills v. Electric Auto-lite Co., supra,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593, and *Hall v. Cole, supra,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702. In *Mills,* the plaintiffs were shareholders bringing a derivative suit which benefitted all the shareholders of the corporation. By taxing the defendant corporation with attorneys' fees, all of the benefitting shareholders shared the cost. In *Hall,* the plaintiff union members sued the union and benefitted all the members of the union by the lawsuit. By taxing the defendant union with attorneys' fees all of the benefitting union members shared the costs. Here if the networks are taxed with attorneys' fees the cost would be spread among network shareholders, not among the members of the benefitting public."

*See also, Burroughs v. Board of Trustees,* 542 F.2d 1128, 1131–32 (9th Cir. 1976), *cert. denied,* 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977).

So also in the case at bar, if the pension fund is taxed with attorney's fees, the cost would be spread among all of the pensioners, in the absence, as noted above, of a common benefit to all such pensioners; it would not be restricted to those few who may have been or may be benefitted in the future by this Court's decision. Therefore, award of attorney's fees under the common benefit theory is not justified on the facts of this case.

---

**3.** Indeed, while it is certainly not conclusive, this Court notes that, by defending defendants' appeal on the merits on jurisdictional grounds, plaintiff limited the potential precedential weight, and benefit to the class, of this Court's decision on the merits, and demonstrated a primary interest in preserving his own victory, to a certain degree at the expense of the purported benefitted class.

■ Plaintiff also argues that he is entitled to recover his attorney's fees under Section 502(g) of E.R.I.S.A.[4] This Court, however, in its decision of June 14, 1977, expressly did not reach "the more difficult question of jurisdiction under E.R.I.S.A." Rather, this Court's original decision was predicated upon a violation of Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). This Court does not feel that, in the absence of a determination as to E.R.I.S.A.'s applicability to the instant case, it can award attorney's fees pursuant to Section 502(g). To hold otherwise would enable litigants to add perhaps unjustified E.R.I.S.A. claims to their suits in the hopes of recovering attorney's fees after prevailing on other claims. Having explicitly declined to make such a determination, this Court cannot now award attorney's fees under Section 502(g).[5] Neither would this Court, "in its discretion", do so, *even if* it thought it could, for substantially the same reasons outlined above in denying plaintiff's request based on the common benefit theory.

■ Notwithstanding all the above, this Court feels that denial of plaintiff's request for attorney's fees is also required in that plaintiff's motion for attorney's fees was not timely filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("FRCP") which requires that a motion to alter or amend a judgment be served within ten days after entry of the final judgment. *Stacy v. Williams, et al.,* 50 F.R.D. 52 (N.D. Miss.1970), *aff'd,* 446 F.2d 1366 (5th Cir. 1971). *See also, DuBuit v. Harwell Enterprises, Inc.,* 540 F.2d 690, 692 (4th Cir. 1976).[6] As indicated above, plaintiff's motion for attorney's fees was not served until more than 30 days after the entry of judgment in his favor by this Court. Relying on two cases where plaintiffs had pursued their requests for attorney's fees "throughout the litigation", *Echevarria v. Carey,* 75 Civ. 1801 (S.D.N.Y. April 14, 1977); *National Council of Community Mental Health Centers, Inc. v. Weinberger,* 387 F.Supp. 991, 994, fn. 3 (D.D.C.1974), *rev'd on other grounds* 178 U.S.App.D.C. 237, 546 F.2d 1003 (1976), *cert. denied, Wagshal v. Califano,* 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977),[7] plaintiff claims that his motion

4. Section 502(g) reads as follows:
   "(g) In any action under this subchapter by a participant, beneficiary, or fiduciary, the Court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g).

5. Of course, this Court presumably might now find jurisdiction under E.R.I.S.A. and award attorney's fees pursuant to Section 502(g) but, as indicated *infra, that possibility is precluded* by Rule 59(e) of the Federal Rules of Civil Procedure.

6. Since this Court's decision of June 14, 1977 and the resultant judgment did not specifically rule on plaintiff's asserted claim for attorney's fees, and this Court did not make as to entry of the order and judgment an "express determination that there is no just reason for delay", FRCP 54(b), it might conceivably be argued that the June 15, 1977 judgment was not a final judgment subject to appeal, *see* FRCP 54(b), 6 Moore's *Federal Practice* ¶ 54.04[3.–6], 54.-34[1]. However, the Court of Appeals explicitly found the judgment entered to be a "final judgment." *Fase v. Seafarers Welfare and Pension Plan,* 574 F.2d 72, 24 F.R.Serv.2d 1436, 1437 (2d Cir. 1978), and accordingly this Court is now bound by that finding.

7. In the latter case, Judge Gesell of the District of Columbia District Court rejected the defendant's Rule 59(e) argument based on *Stacy v. Williams* both on the grounds that plaintiff had "petitioned for attorney's fees from the outset" and that "[t]he rule [59(e)] does not apply where costs in the form of attorney's fees are sought by the eventually successful party from a common fund created by the litigation." *Id.* The Court went on to note that:

   "[n]ot only are costs usually taxed only after appeal, but in a fund case judicial economy requires that the viability of the fund be first established finally before *expenses to be taxed against it* are considered." *Id.* (Emphasis added.)

   To the extent Judge Gesell appears to have equated a determination as to attorney's fees with the normal procedure of assessing costs, this Court questions whether such equation applies in a case, such as the instant one, where the question of attorney's fees is one involving additional substantive legal determinations by the Court and substantial additional liability on the part of defendants not to be "taxed against" a fund. In this context, the question of attorney's fees is an additional substantive claim which must be resolved in accordance with normal court procedures.

for attorney's fees is not a Rule 59(e) motion. It should be noted that plaintiff here, however, *did not* "pursue his request throughout the litigation" and indeed did not specifically raise the question except by indirect reference in connection with his cross-motion for summary judgment. Indeed except for such indirect reference which was not pursued, the Court had every reason to believe that his demand for attorney's fees was contingent upon his claim for class action certification which, of course, was denied. In essence the claim appeared to have been abandoned at the time of the argument on the summary judgment motion. Moreover, both *Echevarria* and *Weinberger* involved class actions in which claims for attorney's fees are common, and *Weinberger* also involved the creation, by the litigation, of a common fund from which the attorney's fees were to be taxed, thus avoiding potential additional liability. Neither element is present in the instant case.

Given the absence of active pursuit of plaintiff's attorney's fee claim and the potential substantial additional liability presented by this claim, the Court feels that the defendant is entitled to the certainty and protection afforded by the federal rules on the scope and finality of judgments. Thus, since attorney's fees were not provided for in this Court's final judgment, there must be an application which meets the requirements of Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend judgment to include attorney's fees. As indicated, plaintiff's application clearly does not meet such requirements.[8] Plaintiff having failed to comply with Rule 59(e), this Court will not and indeed arguably cannot amend[9] the June 15, 1977 judgment by awarding plaintiff attorney's fees.

For the foregoing reasons plaintiff's motion for attorney's fees must be, and the same hereby is, denied in all respects.

SO ORDERED.

---

**8.** This conclusion applies with even greater force to plaintiff's claim pursuant to Section 502(g). To recover on this claim, as indicated *supra*, this Court would have to make an additional substantive ruling as to the applicability of E.R.I.S.A. to plaintiff's claims *before* even considering plaintiff's claim for attorney's fees under Section 502(g).

**9.** The 10 day period described by Rule 59(e) having expired, this Court is arguably without jurisdiction to act on a motion such as plaintiff's calling for an alteration or amendment of the original judgment. *Moody v. United States Board of Parole*, 390 F.Supp. 1403, 1406 (N.D. Ga.), *aff'd* 502 F.2d 1165 (5th Cir. 1974).