**Richard KAELIN, Plaintiff,**

v.

**TENNECO, INC., et al., Defendants.**

**No. 96 C 2333.**

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 1, 1998.

Anthony Pinelli, Chicago, IL, for plaintiff.

Kenneth Roy Dolin, David K. Haase, Joshua G. Berman, Ileana H. Kutler, Jenner & Block, Chicago, IL, for defendants.

*MEMORANDUM OPINION AND ORDER*

MANNING, District Judge.

The defendants (collectively, "Tenneco") seek an award of $107,045 in attorneys' fees under § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), which provides that, "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Tenneco's motion raises an interesting jurisdictional question—if a district court dismisses an action purportedly brought under ERISA based on lack of subject matter jurisdiction, may it nevertheless subsequently award attorneys' fees under ERISA to the defendants as prevailing parties?

The Supreme Court's decision in *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, ————, 118 S.Ct. 1003, 1011–16, 140 L.Ed.2d 210 (1998), which abolished the doctrine of hypothetical jurisdiction, means that the court must tackle this issue, rather than the more straightforward merits of Tenneco's motion. For the following reasons, the court finds that it lacks jurisdiction to grant fees to Tenneco under § 502(g)(1) of ERISA. Tenneco's motion for attorneys' fees is, therefore, denied.

### Background

The court assumes familiarity with its prior decision finding that Tenneco's restricted stock plan was not an ERISA plan and thus could not serve as a basis for federal subject matter jurisdiction. *See Kaelin v. Tenneco, Inc.*, 28 F.Supp.2d 478 (N.D.Ill.1998). According to Tenneco, this decision means that it is a prevailing party and, therefore, is presumptively entitled to recover attorneys' fees under § 502(g)(1) of ERISA absent a showing that Kaelin's position was substantially justified or that special circumstances apply. *See, e.g., Meredith v. Navistar Int'l Transport Corp.*, 935 F.2d 124, 127 (7th Cir. 1991).

On the other hand, Kaelin contends that the court lacks jurisdiction to consider Tenneco's motion because this action does not arise under ERISA. Alternatively, Kaelin

opposes Tenneco's motion on the merits. Both parties extensively discuss *Credit Managers Ass'n of Southern California v. Kennesaw Life & Accident Ins. Co.*, 25 F.3d 743 (9th Cir.1994), which they characterize as the only decision addressing the application of ERISA's fee-shifting provisions to purported ERISA cases which have been dismissed for lack of subject matter jurisdiction.

### Discussion

The court may, in its discretion, award reasonable attorneys' fees to either party in any action by an ERISA plan participant, beneficiary, or fiduciary. 29 U.S.C. § 1132(g)(1). The express language of the statute authorizes an award of fees only if a party named in § 1132(g)(1) files suit. *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 229 (9th Cir.1994). Because the court has found that Tenneco's stock plan is outside the ambit of ERISA, Kaelin obviously cannot be a participant, beneficiary, or fiduciary of an ERISA plan.

Tenneco nevertheless asserts that it is eligible for fees under § 1132(g)(1), citing to the Ninth Circuit's decision in *Credit Managers.* 25 F.3d at 747. In that case, the court held that the defendants were entitled to receive fees notwithstanding the fact that the plaintiffs had failed to establish at trial that it was an ERISA fiduciary, explaining:

> We agree with [defendant] that it would be unjust to permit [plaintiff] to insulate itself from liability for attorneys' fees simply because it failed to produce sufficient evidence to prevail on its claims. Indeed, the fact that [plaintiff] pursued for so long a claim that lacked any evidentiary basis weighs in favor of awarding fees to [defendant].

*Id.*

While this excerpt from *Credit Managers* appears to support Tenneco's position, a closer reading of the case shows that it is inapposite in light of this case's procedural posture. In *Credit Managers,* the plaintiff claimed, for eight years, that it was an ERISA fiduciary, and the court found that there was a triable issue of fact as to whether an ERISA plan existed. *Id.* At trial, however, the plaintiff was unable to establish the existence of an

ERISA plan. *Id.* The Ninth Circuit nevertheless awarded fees under ERISA, stating that, "because [the plaintiff] colorably maintained that it was a fiduciary of an ERISA plan throughout the proceedings below, in a manner sufficient to withstand summary judgment, ... the district court had authority to award attorney's fees under § 1132(g)(1) notwithstanding [the plaintiff's] ultimate failure to prove its claims." *Id.*

In contrast, Kaelin's case did not survive summary judgment, as the court found that the undisputed facts failed to create a material issue of disputed fact as to whether Tenneco's plan was an ERISA plan in the first instance. *Credit Managers* is thus inapplicable, as it is premised on the fact that a party who survives summary judgment and asserts a colorable claim to benefits under ERISA should not be able to avoid fees if that colorable claim ultimately fails. *See id.* Indeed, the Ninth Circuit itself has adopted this interpretation of *Credit Managers,* stating that the exception to § 1132(g)(1) in *Credit Managers* does not apply to claims made by a plaintiff whose "possible status as a fiduciary did not survive summary judgment." *Corder v. Howard Johnson & Co.*, 53 F.3d at 231.

The Seventh Circuit has not considered the jurisdictional issue presented by Tenneco's request for attorneys' fees. Nevertheless, in *International Union of Operating Engineers, Local 150, AFL–CIO v. Rabine,* 161 F.3d 427, 1998 WL 762439 (7th Cir.1998), it recently considered whether cases under the Labor Management Relations Act, as well as "the analogous area of benefit plans governed by the Employee Retirement Income Security Act," require a "statutory employer" to provide a federal court with jurisdiction to hear a claim to enforce an arbitral award. In *Rabine,* the Seventh Circuit held that a complaint which fails to allege the existence of a statutory employer fails to state a claim and that a district court confronted with such a complaint should dismiss the case on the merits rather than for lack of jurisdiction. *Id.* at 429.

Importantly, however, the court drew a distinction between LMRA cases which do

not allege the existence of a statutory employer and cases which do ·not arise under federal law in the first instance under 28 U.S.C. § 1331 or § 1332. *Id.* Specifically, the court held that:

> [T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the court's statutory or constitutional power to adjudicate the case .... Rather, the District Court has jurisdiction if "the right of petitioners to recover under the complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another."

*Id.,* quoting *Steel Co. v. Citizens for a Better Environment,* 523 U.S. at ——, 118 S.Ct. at 1010.

In this case, Kaelin's failure to invoke ERISA means that this case does not arise under federal law. Thus, Tenneco's alleged entitlement to attorneys' fees does not turn on the interpretation of a federal statute, since no such statute is applicable. The court, therefore, lacks subject matter jurisdiction and cannot entertain a request for attorneys' fees under ERISA. *See Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986) (courts "must make every effort to confine ourselves to the exercise of ·those powers that the Constitution and Congress have given us").

This conclusion is consistent with reported cases from other jurisdictions addressing the effect of a dismissal based on lack of subject matter jurisdiction prior to trial because the plaintiff is not an ERISA participant, beneficiary, or fiduciary. In short, courts have uniformly found that, if a district court lacks subject matter jurisdiction under ERISA, it lacks jurisdiction to entertain requests for attorneys' fees under ERISA. *See Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Company of Florida,* 827 F.2d 1454, 1458 (11th Cir.1987) ("The district court correctly dismissed the case for lack of subject matter jurisdiction because the defendants were not employers under ERISA. There is therefore no basis for awarding fees under § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1)"); *M & R Investment*

*Co., Inc. v. Fitzsimmons,* 685 F.2d 283, 288 (9th Cir.1982) (ERISA's attorneys' fee provisions on their face do not apply to an action brought by a plaintiff who is not an ERISA participant, beneficiary, or fiduciary); *Nielsen v. Hart,* No. 93–1237–CV–W–1, 1995 WL 901297 *2 n. 1 (W.D.Mo. Oct.5, 1995) ("While § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), generally permits attorneys' fees to be awarded to prevailing parties, it is inapplicable in this case because the Court previously determined that [an employee assistance program] is not an ERISA plan, therefore, the Court lacks subject matter jurisdiction under ERISA"), *aff'd by* 95 F.3d 701 (8th Cir.1996); *see also Secretary of Department of Labor v. King,* 775 F.2d 666, 669 (6th Cir.1985) (district court had jurisdiction to award attorneys' fees under § 1132(g)(1) because intervenor Bank, who challenged loans allowed by an employee benefit plan's original trustees, qualified as an ERISA fiduciary).

The reasoning in these cases is persuasive—once the court finds that the plaintiff cannot invoke federal jurisdiction under ERISA, the case is over. In other words, the fact that a plaintiff unsuccessfully sought to invoke ERISA does not authorize the court to award fees under ERISA after the case has been dismissed for lack of subject matter jurisdiction.

### Conclusion

For the above reasons, the court lacks jurisdiction to consider the defendants' motion for attorneys' fees [56–1]. The motion is, therefore, denied.