**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 98-30544**

**DAVID H. CLIBURN,**

**Plaintiff-Appellant,**

**VERSUS**

**POLICE JURY ASSOCIATION OF LOUISIANA, INC.,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Middle District of Louisiana**

January 15, 1999

Before HIGGINBOTHAM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:

Appellant David Cliburn filed an ERISA claim against Appellee Police Jury Association of Louisiana, Inc. The suit was dismissed for lack of subject matter jurisdiction, on the grounds that Cliburn sought participation in a "governmental plan" not covered by the statute. *See* 29 U.S.C. §§ 1002(32); 1003(b). Cliburn does not appeal from this dismissal. Following dismissal, the Police Jury Association requested attorneys' fees, costs, and expenses

under a provision of ERISA which states: "In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  The district court awarded to the Police Jury Association $15,600.00 in fees and $533.33 in expenses. Cliburn appeals from that award and argues, inter alia, that subject matter jurisdiction is lacking.

District courts are vested with federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The district court's dismissal of Cliburn's claims for lack of subject matter jurisdiction is inconsistent with an award of fees and costs under a statute which requires "any action under this subchapter."  In dismissing Cliburn's suit, the district court determined that there was no ERISA "action."  Furthermore, given that ERISA is inapplicable to Cliburn's claims, it is inconsistent to conclude that either Cliburn or the Police Jury Association is "a participant, beneficiary, or fiduciary" eligible to invoke § 1132(g)(1).  Given that the district court lacked jurisdiction to hear Cliburn's claims under ERISA, it logically follows that the court lacked jurisdiction to entertain the Police Jury Association's request for fees, costs, and expenses under ERISA. *See, e.g.*, ***Laborers Local 938 Joint Health & Welfare Trust Fund v.***

*B.R. Starnes Co.*, 827 F.2d 1454, 1458 (11th Cir. 1987). We therefore VACATE the district court's award of fees and costs and DISMISS this case for lack of subject matter jurisdiction.