O’SCANNLAIN, Circuit Judge:
We must decide whether a district court’s lack of subject matter jurisdiction precludes it from awarding costs and attorneys’ fees against a plaintiff alleging a cause of action under the Employee Retirement Income Security Act.
I
Homer and Donzelle Knight (collectively “the Knights”) are construction contractors and the sole shareholders of the H.K. Concrete Company (“H.K. Concrete”). H.K. Concrete was bound by a master labor agreement (“MLA”) executed between the United General Contractors, Inc., and the Southern California District Conference of Carpenters. H.K. Concrete defaulted in its obligation under the MLA to make fringe benefit contributions to ERISA plans administered by the Carpenters Southern California Administrative Corporation (“CSCAC”) pursuant to the Employee Retirement Income Security Act (“ERISA”), 29 U.S.C. §§ 1001 et seq. CSCAC thus sued and obtained a judgment against H.K. Concrete for its delinquent contributions. The Knights thereafter filed for bankruptcy under Chapter 7 of the Bankruptcy Code.
CSCAC filed an adversary complaint in the Knights’s bankruptcy proceeding, seeking satisfaction of the judgment that it had won in its earlier suit. In its complaint, CSCAC made claims against the Knights, H.K. Concrete, and a third party, Interlog, which CSCAC alleged was liable on the judgment as an alter ego of H.K. Concrete and thus also, by extension, of the Knights.
In its filings with the district court, CSCAC alleged that the court had jurisdiction to hear its claims under sections 502 and 515 of ERISA as well as under section 301 of the Labor-Management Relations Act of 1947 and the Bankruptcy Code. CSCAC also alleged that Interlog was liable for attorneys’ fees under ERISA’s cost and fee-shifting provision. Interlog moved the district court to dismiss CSCAC’s complaint for lack of subject matter jurisdiction.
The district court granted Interlog’s motion and dismissed the complaint on November 7, 1997. The court held that it lacked subject matter jurisdiction because the proceeding against Interlog was not “related to” the Knights’ bankruptcy and therefore did not fall under the court’s bankruptcy jurisdiction. The court rejected any other basis of subject matter jurisdiction on the grounds that its jurisdiction in a case withdrawn from the Bankruptcy Court was limited to bankruptcy jurisdiction. CSCAC did not timely appeal the district court’s dismissal for lack of subject matter jurisdiction and cannot, of course, raise the issue now.
The district court awarded to Interlog $1,907.65 in costs and $26,752.25 in attorneys’ fees. CSCAC timely appeals that award.
II
CSCAC argues on appeal that, if the district court lacked subject matter jurisdiction under ERISA to hear its claim, it similarly lacked jurisdiction to apply, the statute’s cost and fee-shifting provision, section 502(g)(1), 29 U.S.C. *1117 § 1132(g)(1). We have never directly considered a court’s authority to award costs under section 502(g)(1) when the court lacked subject matter jurisdiction over the action in the first place. Nevertheless, CSCAC’s contention that a court may not apply section 502(g)(1) when it lacks subject matter jurisdiction is supported by orn-ease law as well as the unanimous conclusions of the other courts that have squarely addressed the issue.
In Branson v. Nott, 62 F.3d 287 (9th Cir.1995), we indicated that lack of subject matter jurisdiction over a suit precluded a district court from applying the fee-shifting provision of the substantive statute under which the suit was brought. We explained the logic of this proposition by noting that “ ‘fee shifting provisions cannot themselves confer subject matter jurisdiction’” that is otherwise absent. Id. at 292-93 (quoting W.G. ex rel. D.G. v. Senator, 18 F.3d 60, 64 (2d Cir.1994)).
Branson involved a district court’s reliance on the civil rights fee-shifting provision, 42 U.S.C. § 1988, to award attorneys’ fees to the successful defendants in a civil rights action brought under 42 U.S.C. § 1983. We reversed the district court’s award:
[Bjecause the district court lacked subject matter jurisdiction over [the] purported civil rights claim in the first instance, it also lacked the power to award attorney’s fees under the civil rights attorney fee statute. By itself, § 1988 does not provide the district court with jurisdiction to grant an attorney fee award where subject matter jurisdiction to hear the underlying § 1983 claim is lacking....
Id. Although we specifically addressed a court’s authority to award fees only under 42 U.S.C. § 1988 and recognized that “there are some circumstances in which attorney’s fees or costs may be imposed even where the court proves to be without subject matter jurisdiction,” id. at 293 n. 10, the logic of Branson is broadly controlling. The only exceptions to which we referred in that decision involve fee awards authorized by statutes and rules that are exclusively nonsubstantive — i.e., that give parties no rights outside of litigation. See id. at 293 & n. 10 (noting the court’s authority to award fees under Fed. R.Civ.P. 11 (abuse of judicial process), 28 U.S.C. § 1919 (lack of jurisdiction), and 28 U.S.C. § 1447(c) (wrongful removal)).
The facts here closely parallel those in Branson. Here, the district court held that it lacked subject matter jurisdiction over the case (which we must accept as given, since the decision has not been appealed). Nevertheless, the district court relied on authority under ERISA to award costs to a successful defendant. Under the logic of Branson, even though the district court may have had the authority to impose sanctions under Rule 11 or award “just costs” under 28 U.S.C. § 1919, the court had no authority to apply the fee-shifting provision of ERISA.[2]
*1118 III
Outside of the Ninth Circuit, courts which have addressed a district court’s authority to make awards under section 502(g)(1) without ERISA subject matter jurisdiction have without exception held that there is no such authority. In Clinburn v. Police Jury Ass’n, 165 F.3d 315 (5th Cir.1999) (per curiam), the Fifth Circuit reversed a district court’s award of attorneys’ fees under section 502(g)(1), stating: “Given that the district court lacked jurisdiction to hear Cliburn’s claims under ERISA, it logically follows that the court lacked jurisdiction to entertain the Police Jury Association’s request for fees, costs, and expenses under ERISA.” Id. at 316. In reaching that conclusion, the Fifth Circuit noted that “[t]he district court’s dismissal of Cliburn’s claims for lack of subject matter jurisdiction is inconsistent with an award of fees and costs under a statute which requires ‘any action under this subchapter.’” Id. at 316. This was because, according to the court, “[i]n dismissing Cliburn’s suit, the district court determined that there was no ERISA ‘action.’ ” Id. (emphasis added). The logic of Clibum applies even more forcefully to this case, because the posture of this case makes it all the more plain that “there was no ERISA action.” The court in the case before us renounced all subject matter jurisdiction, holding ' under 28 U.S.C. § 1334(b) that there was not even bankruptcy jurisdiction. CSCAC’s claim would have been dismissed even if it had been wholly unrelated to ERISA.
In its decision in Clibum, the Fifth Circuit relied on the Eleventh Circuit’s decision in Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co., 827 F.2d 1454 (11th Cir.1987).[3] In Starnes, as here, an ERISA plan sued construction companies which, though not signatories to a collective bargaining agreement (“CBA”) requiring fringe benefit contributions to the ERISA plan, were commercially related to a bankrupt contractor who was itself obligated under the CBA. The Eleventh Circuit affirmed the district court’s determination that it lacked subject matter jurisdiction under ERISA because the non-signatory companies were not “employers” against whom claims under ERISA could be brought for delinquent contributions. The Eleventh Circuit concluded: “The district court correctly dismissed the case for lack of subject matter jurisdiction because the defendants were not employers under ERISA. There is therefore no basis for awarding fees under § 502(g)(1) of ERISA ....” Id. at 1458 (emphasis added). Here, the district court did not even reach the applicability of ERISA; thus there is even less of a basis for awarding fees under section 502(g)(1) here than there was in Starnes, where “no basis” for such an award was found.
The policy behind denying district courts lacking subject matter jurisdiction under ERISA the authority to apply its fee-shifting provision was adumbrated by the District Court for the Eastern District of New York in Fase v. Seafarers Welfare and Pension Plan, 79 F.R.D. 363 (E.D.N.Y.1978). Having declined to reach the question of whether it had subject matter jurisdiction over a claim under *1119 ERISA, the court considered itself barred from applying section 502(g)(1). See id. at 366 (“This court does not feel that, in the absence of a determination as to [ERISA’s] applicability to the instant case, it can award attorney’s fees pursuant to Section 502(g).”). The reason for its self-restraint, according to the court, was to prevent litigants from strategically pleading ERISA claims, regardless of their viability, in order to avail themselves of the statute’s fee-shifting provision and thereby garner attorneys’ fees despite having claims valid only under a statute without such a fee-shifting provision. As the court stated: “To hold otherwise would enable litigants to add perhaps unjustified [ERISA] claims to their suits in the hopes of recovering attorney’s fees after prevailing on other claims.” Id.
IV
Our decision in Branson, the unanimity of the holdings tendered by the other courts that have addressed the issue, and the clear and important policy that has motivated all of these decisions compel the conclusion that the district court lacked any authority to award fees and costs under ERISA section 502(g)(1) in this case after finding that it lacked subject matter jurisdiction over the underlying action. The district court’s award must therefore be reversed as an incorrect legal interpretation and an abuse of discretion. See Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (“A district court by definition abuses its discretion when it makes an error of law.”).[4]
REVERSED and REMANDED.

. Interlog argues that our decisions in Elks National Foundation v. Weber, 942 F.2d 1480 (9th Cir.1991), and MacKay v. Pfeil, 827 F.2d 540 (9th Cir.1987), militate against this conclusion. We cannot agree. In Weber, like Branson, we addressed the district court's award of fees and costs in a § 1983 civil rights action over which the district court lacked subject matter jurisdiction. Unlike our decision in Branson, however, we affirmed the district court’s award of attorneys’ fees in Weber. See 942 F.2d at 1485. The crucial distinction between Weber on the one hand and Branson and this case on the other is the fact that the district court in Weber relied for its authority not only on 42 U.S.C. § 1988 but, in the alternative, on Rule 11 as well. See Weber, 942 F.2d at 1485. As we have noted, a district court can award fees under Rule 11 even without subject matter jurisdiction over the underlying action. Hence, in Weber, we did not consider whether the district court had the authority to award fees — the pivotal issue here. Instead, we considered only whether the district court’s award to the defendants in that case was appropriate in light of the merits of the plaintiff's claim. See id.
The Knights’ citation to our decision in MacKay is equally unavailing. In MacKay, we reviewed the district court’s summary judgment for the defendants in a diversity action that effectively sought review of a decision by the Alaska Supreme Court in violation of the Rooker-Feldman doctrine; we remand *1118 ed the case for dismissal for want of subject matter jurisdiction. See 827 F.2d at 543. Nevertheless, we stated that "the reasons for our holding do nothing to undermine the propriety of the award of attorney’s fees.” Id. at 542 n. 3. Given that MacKay was a diversity case and there was no suggestion that the district court in that case relied for its authority to award fees on any substantive statute (much less a federal substantive statute), Mac-Kay is simply not helpful to us in determining the district court's authority to apply the fee-shifting provisions of ERISA here.

. At least one other court has relied on Starnes in reaching the same conclusion. See Kaelin v. Tenneco, 28 F.Supp.2d 489, 491 (N.D.Ill.1998) ("[0]nce the court finds that the plaintiff cannot invoke federal jurisdiction under ERISA, the case is over. The fact that a plaintiff unsuccessfully sought to invoke ERISA does not authorize the court to award fees under ERISA after the case has been dismissed for lack of subject matter jurisdiction.").

. The Request for Judicial Notice by Carpenters Southern California Administrative Corporation, dated July 17, 1998, is denied as irrelevant to the disposition of this appeal.