**Richard J. GLAIR, Plaintiff–Appellant,**

v.

**James T. BUTTS, Chief of Police; Michael Cabrera, Police Officer, Santa Monica, California, Defendants–Appellees.**

No. 00–56682.
D.C. No. CV–99–10835–MLR.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001.\*

Decided Nov. 14, 2001.

Before BROWNING, KLEINFELD, and McKEOWN, Circuit Judges.

MEMORANDUM\*\*

Richard J. Glair appeals pro se the district court's summary judgment for defen-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Glair's request for oral argument is therefore denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

dants in his 42 U.S.C. § 1983 action. Glair alleged Cabrera violated his First, Fourth, and Sixth Amendment rights by behaving in an inappropriately aggressive manner during and after a traffic stop and by failing to provide Glair with adequate notice of the traffic violation with which he was charged. Glair alleged that Butts was liable, based on the same constitutional violations, because he failed to properly train police officers. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1157 (9th Cir.2000), and we affirm.

▮ The district court properly found that Cabrera was protected by qualified immunity, because his actions during and after the traffic stop were reasonable when viewed from the perspective of a reasonable officer on the scene. *Jensen v. City of Oxnard,* 145 F.3d 1078, 1086 (9th Cir. 1998) (citing *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). The district court properly held that Butts did not violate Glair's rights, because Butts had no personal involvement in the events of which Glair complained. Glair's contention that Butts is liable based on his failure to train Cabrera fails because Glair did not establish that Butts's alleged failure to train amounted to "deliberate indifference to the rights of persons with whom the police come into contact." *See City of Canton, Ohio v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

The district court did not abuse its discretion when it excluded hearsay statements Glair made to the police department. *See Defenders of Wildlife v. Bernal,* 204 F.3d 920, 927–28 (9th Cir. 2000).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

We deny Glair's request that we take judicial notice of three cases not relevant to the issues here. *See Carpenters S. Cal. Admin. Corp. v. Knight,* 207 F.3d 1115, 1119 n. 4 (9th Cir.2000).

AFFIRMED.