**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-10581

HSC HOSPITALITY, INC.

Plaintiff,

v.

SUN LIFE ASSURANCE COMPANY OF CANADA,

Defendant-Third Party
Plaintiff-Appellee,

v.

GAVIN GRIFFITH,

Third Party Defendant-
Appellant.

Appeal from the United States District Court
for the Northern District of Texas

(3:00-CV-717)

March 14, 2002

Before ALDISERT[*], DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[**]

---

[*] Circuit Judge of the Third Circuit Court of Appeals, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except

Gavin Griffith appeals from a district court order denying his Motion and Application for Attorney's Fees and Costs (the "Motion") incurred in defending against Sun Life Assurance Company of Canada's claim for declaratory relief. This appeal requires us to decide whether the district court erred in denying Appellant his request for attorney's fees on the theory that it lacked jurisdiction to entertain his request.

This dispute arises from litigation brought by Appellant's employer, HSC Hospitality, Inc., against Sun Life, that sought an enforcement of a group life insurance policy it had purchased to cover its employees. Allegedly, HSC failed to make timely premium payments to Sun Life, which resulted in a deactivation of the policy. HSC began paying premiums about two months later. A few weeks later, Appellant was diagnosed with AIDS. Sun Life refused to cover Appellant's expenses, claiming that the policy had not been reinstated in time.

HSC sued Sun Life in Texas state court to enforce the terms of the insurance contract. Sun Life removed the case to federal court based upon diversity and federal question jurisdiction. Sun Life then filed a motion to bring a third-party complaint against Appellant, an Arizona resident. The district court granted the motion. Sun Life's third-party complaint sought a declaratory judgment against Appellant to clarify its rights

_____

under the limited circumstances set forth in 5TH CIR. R. 47.4.

2

under the contract as to Appellant. The complaint alleged subject matter jurisdiction pursuant to diversity, federal question, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(f). The complaint claimed that personal jurisdiction was appropriate under ERISA's grant of nationwide service of process. 29 U.S.C. § 1132(e)(2). Appellant moved to dismiss for lack of personal jurisdiction and forum non conveniens.

In the meantime, HSC filed for bankruptcy, and its original third-party complaint against Sun Life was dismissed. After extensive negotiation, the parties agreed that Sun Life would dismiss its third-party complaint against Appellant without prejudice, and Appellant would file an action against Sun Life in an Arizona federal court. The agreement expressly stated that Appellant would seek attorney's fees.

Appellant then sought attorney's fees and costs in the district court in Texas pursuant to ERISA's fee-shifting rule. 29 U.S.C. § 1132(g). The district court denied Appellant's motion because it found that Sun Life did not have standing to bring an action against Appellant under ERISA. This appeal follows.

I.

Sun Life's third-party complaint against Appellant was based on the theory that it did not owe Appellant benefits because the

3

group life insurance policy maintained by his employer, HSC, had terminated because of HSC's failure to make timely premium payments. In addition, Sun Life asserted that Appellant was not part of an eligible class under the terms of the policy, that he did not make a proper application for coverage and that he failed to submit evidence of insurability.

The magistrate judge dismissed Sun Life's third-party complaint because it was not a "participant, beneficiary, [or] fiduciary" under 29 U.S.C. § 1132(e). It is quite clear that only plan participants and beneficiaries may maintain a declaratory judgment action to clarify their rights under an ERISA plan. TransAmerica Occidental Life Ins. Co. v. Di Gregorio, 811 F.2d 1249, 1251-1253 (9th Cir. 1985). ERISA defines "participant" and "beneficiary" as follows:

> The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.
>
> The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C. §§ 1002(7) and (8).

The magistrate judge concluded that because Sun Life lacked standing to bring an action against Appellant under ERISA, the court lacked jurisdiction to consider Appellant's claim for

4

attorney's fees.  Considering the unusual factual scenario this case presents--in which Appellant was pulled into this case, kicking and screaming by virtue of ERISA's nationwide service provision and as a consequence, incurred attorney's fees and costs, and is now told he may not even seek them because Sun Life, as a third-party plaintiff, lacked proper standing to institute the law suit against him--it would seem that a denial of a right to claim attorney's fees is somewhat draconian. Clearly, had Appellant sued Sun Life on a claim for coverage, he would have standing under ERISA as a statutory beneficiary.  In addition, had he taken some minimal action in the form of a counterclaim, the court would have been able to adjudicate it as if it were an original claim notwithstanding Sun Life's lack of standing.[1]  This does smack of injustice.

We are reminded of Learned Hand's experience with Justice Oliver Wendell Holmes, Jr.:

> I remember once I was with him; it was a Saturday when the Court was about to confer. It was before we had a motor car, and we jogged along in an old coupé. When we got down to the Capitol, I wanted to provoke a response, so as he walked off, I said to him:  "Well, sir, goodbye.  Do justice!"  He turned quite sharply and he said:  "Come here. Come here." "I answered: "Oh, I know, I know."  He replied:  "That is

---

[1] "The dismissal of a plaintiff's complaint for lack of jurisdiction requires dismissal of a defendant's counterclaim unless the counterclaim presents independent grounds of jurisdiction." Kuehne & Nagel (AG & Co.) v. Geosource, Inc., 874 F.2d 283, 291 (5th Cir. 1989) (citations omitted).  "However, if a compulsory counterclaim rests on an independent ground of federal jurisdiction, it may be adjudicated despite the dismissal of the plaintiff's complaint."  Id. (citations omitted).

5

not my job.  My job is to play the game according to the rules."[2]

Likewise, we have decided to play the game according to the rules and refer to another statute that has relevance here in addition to ERISA.  Sun Life successfully sought removal to the federal court, partially based on ERISA's jurisdictional provisions, but <u>exclusively</u> relying on ERISA's grant of nation-wide service upon Appellant, a resident of Arizona.  Where there is a remand to the state court after an improper removal, Congress has explicitly provided for an award of just costs to include attorney's fees and actual expenses, incurred as a result of the removal:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case  shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c).

We now inquire into the applicability of both statutes to the case at bar.  Our analysis recognizes that in <u>Cliburn v. Policy Jury Ass'n of Louisiana, Inc.</u>, 165 F.3d 315, 316 (5th Cir.

---

[2] Learned Hand, <u>A Personal Confession</u>.  Printed in <u>Continuing Legal Education for Professional Competence and Responsibility, the Report on the Arden House Conference</u>, December 16-19, 1958, at 116-123.

1999), we held that attorney's fees cannot be awarded under 29 U.S.C. § 1132(g) where the case involves a plan over which there is no ERISA jurisdiction.

That is not the case here. Both parties agree that ERISA governs the insurance plan. The questions we must now resolve are whether: (1) ERISA's denial of standing to insurance companies precludes Appellant from seeking attorney's fees in an action brought by an insurance company against him, a beneficiary of an ERISA plan, and (2) Appellant may rely on the remand statute for relief.

## II.

Appellant seeks $7,896.39 in attorney's fees and $461.07 in costs incurred in defending the third-party complaint filed against him. Appellant asserts his claim pursuant to ERISA's fee-shifting provision, which provides:

> (1) In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)

Sun Life contests this claim for fees, arguing that when the district court lacks subject matter jurisdiction over an ERISA claim, the district court also lacks jurisdiction to award attorney's fees pursuant to the ERISA fee-shifting statute. Sun Life's contention is supported by case law in this court and other Courts of Appeals.

7

> Furthermore, given that ERISA is inapplicable to Cliburn's claims, it is inconsistent to conclude that either Cliburn or the Police Jury Association is "a participant, beneficiary, or fiduciary" eligible to invoke § 1132(g)(1). Given that the district court lacked jurisdiction to hear Cliburn's claims under ERISA, it logically follows that the court lacked jurisdiction to entertain the Police Jury Association's request for fees, costs, and expenses under ERISA.

Cliburn, 165 F.3d at 316.

It may be that the teachings of Cliburn would prevent Appellant from sustaining a claim for fees under 29 U.S.C. § 1132(g)(1). Yet it could be argued that the facts here are significantly different. Unlike Cliburn, where the plan did not come under the purview of ERISA, the parties before us agree that the HSC plan does so qualify. Thus, the sole flashpoint of controversy is standing to sue. Whether this is a distinction without a difference is not a question that we are inclined to decide here, because the attorney's fee provision of the remand statute may be pertinent to our determination. We now turn to 28 U.S.C. § 1447(c).

### III.

At the outset, we recognize that if the remand statute is to be strictly construed in the abstract, its application would be questionable because although there was improper removal to the district court, there was no motion to remand the proceedings to the state court. Instead, the parties agreed that Sun Life would dismiss its third-party complaint against Appellant, and

8

that Appellant would subsequently file an action for attorney's fees in a district court in Arizona.

At the time the parties agreed to dismiss the third-party complaint, Sun Life agreed that Appellant was entitled to bring a claim for attorney's fees in the district court.  Had Sun Life raised the standing issue at that time, thus defeating Appellant's claim under ERISA, Appellant would have had the opportunity to attempt to remand the entire proceedings to the original state court and thus come under the protection of 28 U.S.C. § 1447(c).  The question then presented is whether, considering the unusual circumstances present here, Sun Life should be entitled to lie doggo and then later question Appellant's right to relief under § 1447(c).

Many courts have used § 1447(c) to award attorney's fees to parties in situations similar to that before us here.[3]  Although

_____

[3] See e.g., <u>Township of Whitehall v. Allentown Auto Auction</u>, 966 F. Supp. 385 (E.D. Pa. 1997) (holding that plaintiff was entitled to attorney's fees incurred as a result of removal, where lack of jurisdiction was plain under law and would have been revealed to defendant's counsel with a minimum amount of research);  <u>S.M. v. Jones</u>, 794 F. Supp. 638 (W.D. Tex. 1992) (holding that plaintiffs were entitled to reasonable attorney's fees and expenses incurred as result of defendants' improper removal of case); <u>Knudsen v. Samuels</u>, 715 F. Supp. 1505 (D. Kan. 1989) (holding that defendants would be required to pay just costs and any actual expenses, including attorney's fees, incurred as a result of improvident removal); <u>In re Friedman & Shapiro, P.C.</u>, 185 B.R. 143 (S.D.N.Y. 1995) (holding that award of costs under statute providing for costs incurred as a result of improper removal of case is discretionary and does not require finding that removant acted in bad faith); <u>Greenidge v. Mundo Shipping Corp.</u>, 60 F. Supp. 2d 10 (E.D.N.Y. 1999) (holding that

the reasoning in those cases implicated <u>sub silentio</u> the venerable doctrine of estoppel, we have decided to be specific in applying the doctrine here to preclude Sun Life from denying the applicability of § 1447(c), even though there was no remand to a state court. The doctrine is familiar:

> The four elements of estoppel are: (1) that the party to be estopped was aware of the facts, and (2) intended his act or omission to be acted upon; (3) that the party asserting estoppel did not have knowledge of the facts, and (4) reasonably relied on the conduct of the other to his substantial injury.

<u>Moosa v. INS</u>, 171 F.3d 994, 1003 (5th Cir. 1999)[4]

All four factors are present here. Sun Life knew that Appellant intended to petition for attorney's fees and that Appellant intended his attorney's fee request to be acted on. However, Appellant did not know that Sun Life planned to assert lack of jurisdiction as a defense to his claim. Furthermore, Appellant relied on Sun Life's representation that he could

---

although defendant did not remove maritime case in bad faith, it was nonetheless an appropriate exercise of court's discretion to require defendant to pay reasonable costs and expenses for improper removal; while plaintiffs opted to litigate their relatively simple claims in state court, the removal greatly complicated the case, thus making it unfair to require either the plaintiffs or their counsel to absorb the cost of litigating the remand motion, and impropriety of the removal should have been clear to defendant, given that defendant's counsel was an experienced maritime firm).

[4] To be sure, the cited case is a situation in which the government was a party, but as stated therein, "[t]o establish estoppel against the government, a party must prove affirmative misconduct by the government and also establish the four traditional elements of the doctrine." <u>Moosa</u>, 171 F.3d at 1003.

10

properly present a claim for attorney's fees.  But for Sun Life's misdirection, Appellant would otherwise have had two viable options to assert his right:  (1) He could have counterclaimed on the third-party ERISA complaint as a legitimate third-party counter claimant who was a beneficiary under 29 U.S.C. § 1002(7) and (8), or (2) he could have moved to remand to the state court and presented a motion under 28 U.S.C. § 1447(c).

The classic elements of estoppel are present here, and Sun Life is now estopped from denying Appellant's right to proceed for attorney's fees and costs under § 1447(c).

* * * * *

In light of the unusual facts of this case, we therefore conclude that the district court erred in dismissing Appellant's claim for lack of jurisdiction. The judgment is **reversed** and the proceedings **remanded** for consideration of the merits of the claim for attorney's fees, costs and actual expenses under 28 U.S.C. § 1447(c).